**Janice Rae BENHAM, Appellee,**

v.

**Ralph Edward PLOTNER, Jr.,
Appellant.**

No. 66645.

Supreme Court of Oklahoma.

July 17, 1990.

Linda G. Alexander, Kenneth D. Upton, Jr., Niemeyer, Noland & Alexander, Oklahoma City, for appellant.

Larry D. Barnett, Barry R. Davis, Oklahoma City, for appellee.

KAUGER, Justice.

The query presented on certiorari is whether a criminal conviction pending on appeal may be admitted into evidence as conclusive proof of allegations made in a subsequent civil trial based upon the same material facts. We find that it cannot. Although the criminal conviction may be admitted before the appeal is decided, the defendant is entitled to present rebutting evidence. The weight and effect to be given to the conviction and to the defendant's explanation is a jury question.

## FACTS

The appellant, Ralph Edward Plotner, Jr. (Plotner), was convicted of the attempted rape and forcible oral sodomy of Janice Rae Benham (Benham). Thereafter, Benham filed a civil action seeking damages for attempted rape, forcible oral sodomy, assault and battery, and intentional infliction of emotional distress. At the time of the civil trial, Plotner's criminal convictions were pending on appeal. Before the jury was selected, the trial court advised the parties that Plotner's convictions were conclusive concerning his guilt insofar as attempted rape and forcible oral sodomy were concerned. However, the trial court allowed Plotner to put on evidence of all material facts which were not decided in the criminal case, and to present exculpatory evidence relating to Benham's claims of assault and battery and intentional infliction of emotional distress.

The court instructed the jury that: Plotner had been convicted of attempted rape and forcible oral sodomy; that Plotner could not deny his guilt; that Plotner was liable to Benham for all damages proved by the evidence to have been directly caused thereby; and that the jury should set the amount of damages. The jury returned a $75,000.00 verdict in actual damages and $1.00 in punitive damages for both the attempted rape and for the forcible sodomy totalling $150,002.00. The jury was left unfettered in its fact finding on the issues of assault and battery and intentional infliction of emotional distress, and it found for Plotner. Plotner appealed. The Court of Appeals affirmed in part, and reversed in part. We granted certiorari on November 2, 1989, to consider a question of first impression.

## IF AN APPEAL IS PENDING, OR IF THE APPEAL TIME HAS NOT RUN ON THE CRIMINAL CONVICTION, THE CONVICTION IS ADMISSIBLE EVIDENCE, BUT NOT CONCLUSIVE EVIDENCE IN THE SUBSEQUENT CIVIL ACTION.

Plotner contends that: 1) the introduction of his criminal conviction as conclusive evidence in the subsequent civil action between the same parties was erroneous; and 2) even if criminal convictions are to be given conclusive effect pursuant to 12 O.S. 1981 § 2803(22),[1] the statutory exception to

---

1. Under the Oklahoma Evidence Code, certain statements and documents are not excluded by the hearsay rule, even though the declarant is available as a witness. Title 12 O.S.1981 § 2803(22) provides:

"Evidence of a final judgment, entered after a trial or upon a plea of guilty, but not upon a plea of nolo contendere, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, to prove any fact essential to sustain the judgment, but

the hearsay rule is irrelevant because there was not a "final judgment." Section 2803(22) provides that evidence of a final judgment or a plea of guilty by a person convicted of a crime punishable by death or imprisonment in excess of one year is not excluded as hearsay, and that such evidence may be used to prove any fact to sustain a judgment. It is apparent that Plotner's sentence of fifteen years for attempted rape and five years for forcible oral sodomy meet the initial requirements of § 2803(22).

■■■ The doctrine of issue preclusion is activated when an ultimate issue has been determined by a valid and *final judgment*—that question cannot be relitigated either by a party to, or a party in privity with, the prior adjudication in any future lawsuit.[2] Here, the determinative factors are the phrase "final judgment" as used in § 2803(22), and the definition of issue preclusion/collateral estoppel. A judgment is not final in the sense that it binds the parties until the losing party has failed properly to perfect an appeal, or until the highest court, whose jurisdiction is invoked by either party, upholds the decision of the trial court.[3] Because a case does not become final until the appeal or the right to appeal is exhausted,[4] and because Plotner's

criminal conviction was on appeal at the time of the civil trial, Plotner's conviction was not a final judgment. Therefore, it could not be introduced as conclusive proof of attempted rape or forcible oral sodomy.

This doesn't mean that Plotner's convictions were inadmissible. The last sentence of § 2803(22) provides that "the pendency of an appeal may be shown but does not affect admissibility." Initially, this sentence seems to conflict with the phrase "final judgment" used in the first line of § 2803(22). However, the comments to § 2803(22) note that a choice is available if the doctrine of issue preclusion/collateral estoppel is inapt. The conviction may either be admissible for "what it is worth", or it may have no effect at all. The comments state that the rule adopts the first alternative in felony convictions—the conviction should be admitted "for what it is worth". Although the jury is left without a means to evaluate the conviction, the assumption is the jury will give it substantial weight, unless the defendant offers a satisfactory explanation.[5]

We answered the question of whether a conviction constitutes conclusive proof in a civil action in *Lee v. Knight*, 771 P.2d 1003, 1006 (Okla.1989). However, the effect of a pending appeal was not addressed. In *Lee*,

not including, when offered by the state in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility;".

2. *Munn v. Pate*, 489 P.2d 534–35 (Okla.Crim. 1971). See also, *Veiser v. Armstrong*, 688 P.2d 796, 800 (Okla.1984).

3. *State ex rel. Derryberry v. Kerr–McGee Corp.* 516 P.2d 813, 820 (Okla.1973).

4. *Ellison v. Gray*, 702 P.2d 360, 367 (Okla.1985).

5. The Comment to § 2803(22) provides in pertinent part:
"When the status of a former judgment is under consideration in subsequent litigation, three possibilities must be noted: (1) the former judgment is conclusive under the doctrine of res judicata, either as a bar or a collateral estoppel; or (2) it is admissible in evidence for what it is worth; or (3) it may be of no effect at all. The first situation does not

involve any problem of evidence except in the way that principles of substantive law generally bear upon the relevancy and materiality of evidence. The rule does not deal with the substantive effect of the judgment as a bar or collateral estoppel. When, however, the doctrine of res judicata does not apply to make the judgment either a bar or a collateral estoppel, a choice is presented between the second and third alternatives. The rule adopts the second for judgments of criminal conviction of felony grade. This is the direction of the decisions. Annot., 18 A.L.R.2d 1287, 1299, which manifest an increasing reluctance to reject in toto the validity of the law's fact finding processes outside the confines of res judicata and collateral estoppel. While this may leave a jury with the evidence of conviction but without means to evaluate it, as suggested by Judge Hinton, Note 27 Ill.L.Rev. 195 (1932), it seems safe to assume that the jury will give it substantial effect unless defendant offers a satisfactory explanation, a possibility not foreclosed by the provision...."
Effect is synonomous with weight. *Jessen v. Donahue*, 4 Neb. 838, 96 N.W. 639, 640 (1903).

a party who had intentionally set fire to a barn, threatened the barn's owner with a gun. The perpetrator was convicted of unlawfully pointing a firearm, and a civil action resulted. There, the trial court determined that the doctrine of issue preclusion controlled whether the perpetrator had pointed a gun at the owner with intent to injure. We affirmed the trial court after deciding that if a party is convicted of a serious crime pursuant to § 2803(22), the doctrine of issue preclusion applies to the subsequent civil action.

Legislative enactments concerning the same subject matter must be construed to create a harmonious entity.[6] When the last sentence of the statute is read with the comments, it is obvious that the Legislature intended that criminal convictions be admitted into evidence in civil cases even if an appeal is pending. Nevertheless, the weight to be given the criminal conviction is another matter. Apparently, the force of the conviction is subject to variables. If there is a final judgment, the criminal conviction is conclusive evidence in a civil action. If an appeal is pending, or if the appeal time has not run, the defendant is entitled to offer evidence in rebuttal, and the jury is entitled to consider the conviction "for what it is worth". If the defendant is unable to offer a satisfactory explanation, it is presumed that the jury will give the conviction substantial weight and effect.

After the trial of this case, the Court of Criminal Appeals affirmed the forcible oral sodomy conviction, and it dismissed the attempted rape conviction in the criminal action.[7] The instructions giving conclusive effect to both convictions significantly tainted the entire trial and prejudiced the jury's verdict. We cannot assume that any portion of the jury's verdict can be saved. The fact that the jury was told by the trial court that Plotner was guilty of attempted rape and forcible oral

sodomy, and that he was liable to Benham for damages influenced its determination. This is implicit in its finding for Plotner on the claims of assault and battery and intentional infliction of emotional distress. A judgment reversed and remanded with directions to grant a new trial, results, except for questions of law settled by the proceedings in error, in the action standing as if no trial had been held.[8] Because the trial court's instructions giving conclusive effect to Plotner's criminal convictions before a final judgment had occurred were erroneous and prejudicial, the cause must be remanded for a new trial not inconsistent with this opinion.[9]

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

OPALA, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

---

**6.** *Anderson v. Dyco Petroleum Corp.,* 782 P.2d 1367, 1376 (Okla.1989).

**7.** *Plotner v. State,* 762 P.2d 936, 946 (Okla.Crim. 1988).

**8.** *Seymour v. Swart,* 695 P.2d 509, 512–13, 48 A.L.R. 4th 739, 745–46 (Okla.1985).

