Marc A. BELL, Plaintiff–Appellant,

v.

DILLARD DEPARTMENT STORES, INC. Defendant–Appellee.

No. 94–6351.

United States Court of Appeals, Tenth Circuit.

June 4, 1996.

R. Allen Smith (J.W. Coyle, III, Gloyd L. McCoy of counsel, and Robert D. Baron, with him on the briefs), Coyle & McCoy, Oklahoma City, Oklahoma, for Appellant.

G. David Ross (Nathan L. Whatley with him on the briefs), Lytle, Soule & Curlee, Oklahoma City, Oklahoma, for Appellee.

Before HENRY and McKAY, Circuit Judges, and JENKINS [1], Senior District Judge.

HENRY, Circuit Judge.

This appeal concerns the effect of rulings in a prior, somewhat unusually conducted municipal court case on a diversity action for damages. The district court concluded that the municipal court's determination that there was probable cause for the arrest of the plaintiff-appellant Marc Bell precluded Mr. Bell from re-litigating his claims for assault, battery, false arrest, and malicious prosecution. The court therefore granted summary judgment in favor of the defendant Dillard Department Stores, Inc. ("Dillard").

For two reasons, we conclude that Dillard is not entitled to summary judgment: (1) because the record does not contain a document that satisfies the requirements of Oklahoma law for orders and judgments that may be given preclusive effect; and (2) because the record does not establish that Mr. Bell had a full and fair opportunity to litigate the issue in municipal court. Accordingly, we vacate the district court's grant of summary judgment in favor of Dillard and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND

In March 1993, a security guard arrested Mr. Bell in a restroom at Dillard's store in Crossroads Mall in Oklahoma City. The guard alleged that by certain gestures Mr. Bell had offered to engage in a lewd act, and Mr. Bell was charged in Oklahoma City Municipal Court with violating a municipal ordinance. Mr. Bell's attorney filed several pre-trial motions, including a motion to quash the arrest and a motion to suppress certain statements made by Mr. Bell. *See* Aplt's App. at 173. In his motion to quash, Mr. Bell argued that the security guard lacked probable cause to arrest him. *See id.*

On November 10, 1993, a municipal judge heard evidence pertaining to Mr. Bell's mo-

---

1. Honorable Bruce S. Jenkins, Senior District Judge for the District Court for the District of Utah, sitting by designation.

tions to quash and suppress. The judge took the motions under advisement and informed the parties that he would issue a ruling in several days. What happened next is somewhat unclear from the record. However, a Renewed Motion to Quash and Motion to Suppress, filed by Mr. Bell's attorney on November 15, 1993, reports the following conversation with the municipal judge:

> 3. That on Friday, November 12, 1993, counsel, in a telephone conversation (with the permission of the prosecutor ... ) heard from [the municipal judge] that he was overruling the Motions, but he was not specific about whether it included both of them, and further felt uncomfortable with the case and wanted to recuse himself because of his ownership of certain shares of stock in Dillards Department Stores. That [the municipal judge] further indicated that he even felt somewhat uncomfortable with ruling on the Motions.
>
> 4. That counsel, based upon the discomfort of the prior Judge with sitting in the case ..., is entitled to renew his Motion to Quash and Motion to Suppress.

*Id.* at 175–76.

According to a handwritten minute entry, a second municipal judge denied Mr. Bell's motion to quash and motion to suppress on November 15, 1993. *Id.* at 31. On the same day, the second municipal judge empaneled a jury, heard opening arguments for Mr. Bell and the City of Oklahoma City, and considered testimony from the first witness, the security guard who had arrested Mr. Bell. *Id.* at 27–28. The judge, upon hearing this testimony, immediately dismissed the case:

> I'm going to dismiss this case on the Demurrer or the Motion to Dismiss of the Defense Attorney for the fact that the case is not proved. A prima facie case which would stand alone has not been proved by this witness and this is the only witness that can present such evidence.

*Id.* at 73.

Following the dismissal of the municipal charge, Mr. Bell filed the instant diversity action against Dillard asserting claims for assault, battery, false arrest, false imprisonment, and malicious prosecution. In its motion for summary judgment, Dillard argued

that the denial of Mr. Bell's motions to quash by both municipal judges constituted a finding that his arrest was supported by probable cause. Dillard maintained that because Mr. Bell had had a full and fair opportunity to litigate the probable cause issue in municipal court, he was precluded from asserting any of his claims.

The district court agreed with this reasoning, concluding that "probable cause was fully and fairly litigated in the prior municipal court proceeding and cannot be relitigated in this action." *Id.* at 239. Because a lack of probable cause for Mr. Bell's arrest was an essential component of each of his claims, the court reasoned, Dillard was entitled to summary judgment on all of them.

## II. DISCUSSION

■■■ Mr. Bell now argues that the district court erred in granting summary judgment to Dillard because he did not have a full and fair opportunity to litigate the issue of probable cause in the municipal court. We review the grant of summary judgment de novo, applying the same standards as did the district court under Fed.R.Civ.P. 56(c). *Franklin v. Thompson,* 981 F.2d 1168, 1169 (10th Cir.1992). The movant has the burden of establishing that it is entitled to summary judgment, and we examine the record in the light most favorable to the nonmoving party. *Id.* at 1169–70; *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). Additionally, the legal question of whether issue preclusion bars the relitigation of the issue of probable cause in a subsequent action is reviewed de novo. *Franklin,* 981 F.2d at 1170.

■■■ Pursuant to 28 U.S.C. § 1738, a federal court must give the same full faith and credit to state judicial proceedings "as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738; *see also Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889–90, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980); *Ruyle v. Continental Oil Co.,* 44 F.3d 837, 843 (10th Cir.1994), *cert. denied,* —— U.S. ——, 116

S.Ct. 272, 133 L.Ed.2d 193 (1995); *Thournir v. Meyer,* 803 F.2d 1093, 1094 (10th Cir.1986). "Under the doctrine of issue preclusion (or collateral estoppel), once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate the issue in a suit brought upon a different claim." *Fent v. Oklahoma Natural Gas Co.,* 898 P.2d 126, 133 (Okla.1994) (footnotes omitted); *see also Wilson v. Kane,* 852 P.2d 717, 722 (Okla.1993); *Veiser v. Armstrong,* 688 P.2d 796, 800 n. 9 (Okla.1984). However, the doctrine of issue preclusion bars an attack on a judgment only when the issue in question has been " 'fully and fairly' litigated" in the prior proceeding. *Veiser,* 688 P.2d at 800; *see also Carris v. John R. Thomas & Assocs., P.C.,* 896 P.2d 522, 529 n. 17 (Okla.1995) ("Issue preclusion cannot apply when the party against whom the earlier decision is interposed did not have a full and fair opportunity to litigate the critical issue in the earlier case.").

In the instant case, there are two reasons why the doctrine of issue preclusion is inapplicable. First, the minute entry on which Dillard relies is not signed by the municipal judge, and under Oklahoma law it therefore may not be afforded preclusive effect. Second, because the first municipal judge recused and because the record does not establish that the second municipal judge reviewed the transcript of the motions hearing conducted by the first judge, we cannot conclude that Mr. Bell had a full and fair opportunity to litigate the probable cause issue in municipal court. Additionally, there is some question under recent case law (which echoes policy concerns advanced by courts and scholars) whether issue preclusion may be applied to litigants such as Mr. Bell who, because they ultimately prevail at trial, do not have an opportunity to appeal adverse rulings on pretrial motions.

*A. A minute entry not signed by the municipal judge is not entitled to preclusive effect.*

■ In *Depuy v. Hoeme,* 775 P.2d 1339 (Okla.1989), the Oklahoma Supreme Court concluded that a ruling pronounced by a judge at a hearing, transcribed by a court reporter, and memorialized in a "bench docket entry" could not be afforded preclusive effect because the ruling was not set forth in an order signed by the judge. *Id.* at 1342–44. The *Depuy* court explained the kind of evidence necessary to determine the effect of a judgment or order:

> A judgment or order is rendered and begins its legal life as soon as it is pronounced from the bench and before it is ever reduced to writing for entry of record by the clerk. While any judgment or order is operative from the moment it is announced, the *only legitimate evidence* of the adjudication's *legal existence,* of its *terms* and of its *legal effect* is the record entry bearing the judge's signature.

*Id.* at 1343 (footnotes omitted); *see also Elliott v. City of Guthrie,* 725 P.2d 861, 863 n. 10 (Okla.1986) ("A minute entry unsigned by the judge is not a legally sufficient memorial of the trial court's ruling.").

In the instant case, the record does not contain an order or a judgment that is signed by either of the municipal judges and that addresses the issue that Dillard now seeks to preclude Mr. Bell from litigating—whether the security guard had probable cause to arrest him. As we have noted, the record before us does contain two documents that memorialize the municipal court's rulings on Mr. Bell's pretrial motions to quash and suppress: (1) Mr. Bell's Renewed Motion to Quash and Suppress (in which Mr. Bell's attorney reports his discussion with the first municipal judge); and (2) a handwritten minute entry (not signed by either municipal judge), dated November 15, 1993. However, neither document satisfies the requirements set forth in *Depuy* for orders and judgments that may be given preclusive effect under Oklahoma law. *Cf. Elliott,* 725 P.2d at 863 (concluding that an unsigned minute order is not a sufficient memorial of a trial court's ruling); *Wetsel v. Independent Sch. Dist. I–1,* 670 P.2d 986, 993 (Okla.1983) ("Neither minute entries nor statements by counsel, whether in briefs or in a transcript, can be invoked as a legally sufficient memorial of the court's ruling."). Therefore, the district court erred in giving preclusive effect to the municipal court's rulings on the basis of the

minute entries and statements by counsel contained in this record.

## B. The first judge recused and the second judge heard no evidence before ruling on Mr. Bell's pretrial motions.

■ In addition to the lack of an order or judgment signed by a municipal judge, there is a second reason why the doctrine of issue preclusion may not be applied in this case: the record does not establish that Mr. Bell had a full and fair opportunity to litigate the probable cause issue in municipal court. As we have noted, it appears that both municipal judges ruled on the motions in which Mr. Bell raised the probable cause issue. However, the record indicates that the first judge recused from the case because he owned stock in Dillard and that the judge reported to Mr. Bell's attorney that he "felt somewhat uncomfortable with ruling on the Motions." Aplt's App. at 175. As Dillard's counsel correctly acknowledged at oral argument, it was "anomalous" for the first judge to rule on a disputed (and potentially dispositive) factual issue and then, immediately after announcing his ruling, to recuse from the case on the basis of his relationship with one of the parties. Under these circumstances, we cannot conclude that Mr. Bell had a full and fair opportunity to litigate the probable cause issue before the first municipal judge.

As to the second municipal judge, the record does not support the inference that he heard any evidence regarding Mr. Bell's pretrial motions. As noted above, the only doc-ument reporting the second judge's denial of Mr. Bell's pretrial motions to quash and suppress is the minute entry dated November 15, 1993, which does not state that any evidence was taken before the judge ruled. Moreover, the transcript of the November 10, 1993 hearing before the first municipal judge (at which Mr. Bell did present evidence in support of his contention that he was arrested without probable cause) was certified by the court reporter on December 6, 1993, approximately three weeks after the second municipal judge's ruling on the pretrial motions. See Aplt's App. at 174. Thus, there is no evidence in the record before us indicating that the second municipal judge reviewed the testimony presented at the November 10, 1993 hearing.[2]

In light of the disputed factual contentions pertaining to Mr. Bell's arrest and our examination of the record provided to us, both at oral argument and subsequently, we cannot agree with the district court that the second municipal judge afforded Mr. Bell a full and fair opportunity to litigate the probable cause question before ruling on Mr. Bell's pretrial motions. See Keating v. Carey, 706 F.2d 377, 383 (2d Cir.1983) ("[T]he determination of a factual issue on an interlocutory appeal based on naught but the pleadings would have deprived [the plaintiff] of a full and fair opportunity to litigate his claim...."). Significantly, it appears that the first time that the second municipal judge heard the evidence offered to support the charge against Mr. Bell (i.e., the trial testimony of the secu-

---

**2.** In its appellate brief, Dillard states that the testimony from the November 10, 1993 hearing was "readily available" for the second municipal judge to review in considering Mr. Bell's renewed motion to quash. Aplee's Br. at 11. As authority for this statement, Dillard cites the second paragraph of Mr. Bell's renewed motion, which states that "testimony [at the November 10, 1993 hearing before the first municipal judge] was received by five witnesses and a transcript prepared of the testimony of those witnesses." Aplt's App. at 175.

For several reasons, this statement does not establish that the second municipal judge actually reviewed the November 10th hearing transcript before ruling on the pretrial motion. First, there are no references to the transcript anywhere else in Mr. Bell's renewed motion to quash and suppress. In addition, at oral argument, Dillard's counsel conceded—as credibility and candor demanded—that there was no evidence in the record indicating that the second municipal judge reviewed the transcript before ruling on the pretrial motions. (Rather than repeating the contention that the second judge reviewed the transcript, Dillard's counsel relied on the "presumption of regularity" in arguing that the minute entry recording the denial of the pretrial motions should be given preclusive effect.) Moreover, on appeal, Mr. Bell's counsel agrees with Dillard that "[t]he ruling on the motions by [the second judge] was made without hearing evidence on the issues." Aplt's Br. at 11. Finally, because the only transcript of the November 10th hearing that is contained in our record was certified by the court reporter on December 6, 1993, we cannot conclude that the second judge reviewed a previously completed transcript that we have not seen, and have no reason to believe existed.

rity guard), he took the case away from the jury and dismissed the charge himself. Accordingly, for this reason as well, the district court erred in holding that the municipal court's finding of probable cause was entitled to preclusive effect.

*C. Mr. Bell did not have an opportunity to appeal the pretrial ruling.*

 Finally, even if the second municipal judge had reviewed the transcript of the prior hearing or conducted a second hearing regarding the probable cause issue, an occurrence that has not been proved and seems highly unlikely, there is still some question as to whether Mr. Bell would have had a full and fair opportunity to litigate. In particular, we note that in light of the second judge's dismissal of the charge against Mr. Bell after the security guard's trial testimony, Mr. Bell had no opportunity to appeal the pretrial probable cause finding. Had he attempted to appeal the finding prior to trial, the appeal would be subject to dismissal as interlocutory. *See Hardin v. State,* 649 P.2d 799, 804 (Okla.Crim.App.1982) ("A ruling binding appellant over for trial is not a final order of judgment. It is an intermediate order made in the progress of the case and cannot be appealed from, except by review after pronouncement of judgment and sentence."); *see also* Okla Stat. tit. 22 § 1051(a) (establishing defendant's right of appeal "from any judgment against him"). After the dismissal of the charges at trial, an appeal of the probable cause determination would be subject to dismissal as moot. *See State v. Thomason,* 345 P.2d 908, 911 (Okla. Crim.App.1959) (noting that the dismissal of criminal charges rendered moot a prior ruling on a change of venue motion).

In analogous circumstances, this circuit has concluded that a Colorado court's denial of a pretrial motion to suppress did not preclude litigation in a subsequent civil rights action of the issue of probable cause to arrest. *See Dixon v. Richer,* 922 F.2d 1456, 1459 (10th Cir.1991). Speaking for the court, Judge Anderson reasoned that the plaintiffs in the civil rights action had not had a full and fair opportunity to litigate the probable cause issue because their acquittal in the

prior criminal case deprived them of the opportunity to appeal. *See id.* ("Before a final judgment, such an interlocutory appeal would have been improper, and after the judgment [of acquittal], an appeal was rendered moot."). A number of courts have followed similar reasoning, holding that the lack of opportunity to appeal an issue establishes that there has not been a full and fair opportunity to litigate it and that, as a result, issue preclusion should not be applied. *See Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1458 (2d Cir.1995) ("Under New York law, a party has not had a full and fair opportunity to litigate an issue if it has had no opportunity to appeal the adverse finding."); *Gray v. Lacke,* 885 F.2d 399, 406 (7th Cir.1989) ("As our court has recognized on prior occasions, a 'full and fair opportunity to litigate' includes the right to appeal an adverse decision."), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); *Disher v. Information Resources, Inc.,* 873 F.2d 136, 139 (7th Cir.1989) (noting that "unless [a judgment] is appealable the defendant was denied an opportunity to contest it fully in the previous litigation"); *Block v. United States Int'l Trade Comm'n,* 777 F.2d 1568, 1572 (Fed. Cir.1985) (concluding that an order is not preclusive when "there has been no opportunity for appellate review"); *Luben Indus., Inc. v. United States,* 707 F.2d 1037, 1040 (9th Cir.1983) ("[W]e are convinced that the Government did not have a 'full and fair opportunity to litigate' its claim because it could not appeal the interlocutory memorandum...."); *Williams v. Weber,* 905 F.Supp. 1502, 1509 (D.Kan.1995) ("Before the jury's final judgment, any appeal of the state judge's ruling on the motion to suppress or on the motion to acquit would have been unripe; after final judgment was entered, any appeal on the issue of probable cause was rendered moot. Thus, plaintiff did not have a full and fair opportunity to litigate the probable cause issue, and collateral estoppel should not be applied."); *Henry v. Ryan,* 775 F.Supp. 247, 252 (N.D.Ill.1991) ("In similar situations where a defendant's opportunity for appellate review has been foreclosed, Illinois courts have excepted the litigant from general collateral estoppel rules and allowed the matter to be relitigated."). *But see Coo-*

gan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987) (concluding that pretrial probable cause finding was entitled to preclusive effect even though the defendant in the criminal case was subsequently acquitted); *Guenther v. Holmgreen,* 738 F.2d 879, 888–89 (7th Cir. 1984) (same), *cert. denied,* 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985). *See generally* 18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 4421, at 201 (1981) ("Since appellate review is an integral part of the system, there is strong reason to insist that preclusion should be denied to findings that could not be tested by the appellate procedure ordinarily available.")

In a decision applying federal common law, the United States Supreme Court has likewise indicated its concern about giving preclusive effect to nonappealable rulings. In *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), the Court held that the acquittal of a principal did not preclude the prosecution of another individual for aiding and abetting in the same offense. The Court emphasized the government's lack of opportunity to appeal the principal's acquittal: "[I]n civil cases, post-trial motions and appellate review provide an aggrieved litigant a remedy; in a criminal case the Government has no similar avenue to correct errors. Under contemporary principles of collateral estoppel, this factor strongly militates against giving an acquittal preclusive effect." *Id.* at 23, 100 S.Ct. at 2007.[3]

Nevertheless, as Dillard and the district court have correctly noted, a decision of this court and a decision of the Oklahoma Court of Appeals suggest that the availability of an appeal to the losing party is not always required in order to apply the doctrine of issue preclusion. In *Hubbert v. City of Moore,* 923 F.2d 769 (10th Cir.1991), this circuit applied Oklahoma law to conclude that the plaintiffs in a civil rights action were precluded from litigating the issue of probable cause for their arrest because the judge in a prior criminal case had determined the issue at a preliminary hearing. *Id.* at 773. Significantly, the plaintiffs in *Hubbert* were in the same position as Mr. Bell and as the plaintiffs in *Dixon:* because they were not convicted of the criminal charges, they had no opportunity to appeal the finding of probable cause.

*Hubbert*'s application of issue preclusion is based on *Adamson v. Dayton Hudson Corp.,* 774 P.2d 478 (Okla.Ct.App.1989). *See Hubbert,* 923 F.2d at 773 (applying *Adamson* ). In that case, just as in *Hubbert,* the court held that a finding of probable cause at a preliminary hearing precluded the plaintiff from re-litigating the issue in a subsequent civil rights action—even though the plaintiff was eventually acquitted in the criminal case and therefore did not have the opportunity to appeal. *Adamson,* 774 P.2d at 480. The *Adamson* court concluded that the plaintiff "had every opportunity to litigate this issue," *id.,* but it did not discuss the plaintiff's lack of an opportunity to appeal.[4]

*Hubbert* and *Adamson* are distinguishable from the case at hand. *Hubbert* notes the requirement implicit in all preclusion claims: "[T]he question of probable cause is conclusively determined at a preliminary hearing when the parties have had a full and fair opportunity to litigate that issue." *Hubbert,* 923 F.2d at 773. As we have stated above, the lack of properly memorialized orders, the recusal of the first judge, and the lack of evidence that the second judge reviewed the relevant transcript before ruling on Mr. Bell's pretrial motion to quash make it im-

---

**3.** The Court in *Standefer* added that it did not mean "to suggest that the availability of appellate review is always an essential predicate of estoppel." *Standefer,* 447 U.S. at 23 n. 18, 100 S.Ct. at 2007 n. 18. However, "[i]n the absence of appellate review, or of similar procedures, such confidence [in the result of the prior litigation] *is often unwarranted." Id.* (emphasis added).

**4.** Under Oklahoma law, "No opinion of the Court of Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the Justices of the Supreme Court for publication in the official reporter ." Okla. Stat. tit. 20 § 30.5; *see also Taylor v. Chubb Group of Ins. Cos.,* 874 P.2d 806, 809 n. 5 (Okla. 1994). *Adamson* was approved for publication by the Oklahoma Court of Appeals, but there is no indication that it has been approved by a majority of the Justices of the Oklahoma Supreme Court. Accordingly, *Adamson* does not constitute binding precedent under Oklahoma law.

possible to determine that a "full and fair opportunity to litigate" was available.

Further, it is not clear whether the Oklahoma Supreme Court would now adopt the approach suggested by *Dixon* and other cases (concluding that availability of an appeal is a necessary component of a full and fair opportunity to litigate) or of *Hubbert* and *Adamson* (concluding that one may have had a full and fair opportunity to litigate even if one could not pursue an appeal). However, some statements in the Oklahoma cases suggest that issue preclusion may not be applicable in the absence of an opportunity to appeal. For example, in *Lee v. Knight*, 771 P.2d 1003 (Okla.1989), a decision cited in *Hubbert* and *Adamson*, the court held that a criminal conviction should be afforded preclusive effect. *Id.* at 1006. In explaining that holding, the court noted that "where the criminal sanctions are appropriately severe, . . . the criminal defendant has every incentive to defend the prosecution vigorously and *to exercise the right of appeal from a conviction.*" *Id.* (emphasis added). Moreover, in *Benham v. Plotner*, 795 P.2d 510 (Okla.1990), a case decided after *Adamson* and not discussed in *Hubbert*, the Oklahoma Supreme Court held that a felony conviction could not be given preclusive effect in a subsequent civil case when an appeal of the conviction was pending. *Id.* at 512–13. The court reasoned that the doctrine of issue preclusion could only be applied to final judgments and that, in light of the pending appeal, there was no final judgment:

> A judgment is not final in the sense that it binds the parties until the losing party has failed properly to perfect an appeal, or until the highest court, whose jurisdiction in invoked by either party, upholds the decision of the trial court. Because a case does not become final until the appeal or the right to appeal is exhausted, and be-

cause [the defendant's] criminal conviction was on appeal at the time of the civil trial, [the defendant's] conviction was not a final judgment. Therefore, it could not be introduced as conclusive proof [that the defendant committed the offenses of which he was convicted].

*Id.* at 512 (footnotes omitted).[5]

The reasoning of *Benham*, provides some support for the view that the right to appeal is a required component of the full and fair opportunity to litigate under the Oklahoma law of issue preclusion. As the United States Supreme Court observed in *Standefer*, the doctrine of issue preclusion "is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct." *Standefer*, 447 U.S. at 23 n. 18, 100 S.Ct. at 2007 n. 18. If, as *Benham* suggests, the courts lack confidence in the correctness of a ruling when an appeal is pending, it is not clear why they should be any more confident when, as in this case, the lower court's ruling cannot be appealed by the losing party.

In any event, because the municipal court's ruling is not entitled to preclusive effect for the other reasons we have outlined above, we need not resolve this matter here. Whether, under the Oklahoma law of issue preclusion, a party has had a full and fair opportunity to litigate an issue if he cannot appeal the ruling of the court that initially decides it is a question that awaits definitive resolution by the Oklahoma Supreme Court.[6]

## III. CONCLUSION

In the absence of an order or judgment signed by a municipal judge, the municipal court's rulings regarding probable cause to arrest Mr. Bell are not entitled to preclusive effect. Additionally, in light of the first municipal judge's recusal and the absence of any

---

**5.** The *Benham* court also held that the felony conviction could be introduced " 'for what it is worth.' " *Benham*, 795 P.2d at 513. "If the defendant is unable to offer a satisfactory explanation, it is presumed that the jury will give the conviction substantial weight and effect." *Id.*

**6.** We also note that Okla. Stat. tit. 22 § 1343 allows merchants and their agents to detain a customer if there is "reasonable grounds or

probable cause" to believe that the customer has wrongfully taken merchandise from the store. Subsection 1343(d) states that such a "reasonable detention shall not constitute an unlawful arrest or detention for purposes of civil liability." Okla. Stat. tit. 22 § 1343(d). This statute offers an additional defense to merchants in false arrest cases.

indication that the second municipal judge heard any evidence pertaining to probable cause before ruling on Mr. Bell's pretrial motion, we cannot conclude that Mr. Bell had a full and fair opportunity to litigate the issue. Accordingly, the municipal court's rulings do not preclude Mr. Bell from litigating the issue of probable cause for his arrest in the instant case.[7]

The district court's order granting summary judgment to Dillard is therefore VACATED, and the case is REMANDED for proceedings consistent with this opinion.

---

7. In his appellate brief, Mr. Bell also argues that, even if the municipal court's finding of probable cause is preclusive, he may still pursue his claim for false imprisonment. He maintains that probable cause to arrest is not a complete defense to a false imprisonment claim. In light of our conclusion that the municipal court's rulings are not entitled to preclusive effect, we do not address this argument.