[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1621

CONVERSE CONSTRUCTION COMPANY, INC., EMPLOYEE STOCK
OWNERSHIP PLAN (ESOP), ALL OF THE OTHER ESOP
PARTICIPANTS AND JACK E. ROBINSON, SR.,
AS TRUSTEE OF THE ESOP,

Plaintiffs, Appellants,

v.

CONVERSE STEEL FABRICATORS & ERECTORS, INC., ET AL.,

Defendants, Appellees.


JACK E. ROBINSON, ESQ.,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Jack E. Robinson and Carpenter & Robinson on brief for
appellants.

November 6, 1998

Per Curiam. This appeal is from the district court's refusal
to revoke certain oral findings that were critical of the
performance of appellant Jack E. Robinson, Jr. ("Robinson"), as
corporate counsel for Converse Construction Company, Inc
("Converse"). The court made its findings during a hearing on May
30, 1997. The case was dismissed, at the request of the parties,
in a judgment dated April 6, 1998. The district court declined the
parties' request that the judgment revoke all findings relating to
the conduct of individuals involved in the case. The court also
denied appellants' motion to amend the judgment to include
revocation of the oral findings. Specifically, appellants sought
reversal and withdrawal of the district court's finding that
Robinson had been negligent in the discharge of his duties to
Converse.
"[I]t is an abecedarian rule that federal appellate courts
review decisions, judgments, orders, and decrees not opinions,
factual findings, reasoning or explanations." In re Williams, Nos.
97-2437 and 97-2438, slip op. at 9 (1st Cir. Sept. 11, 1998). As
we recently ruled in In re Williams, "a jurist's derogatory
comments about a lawyer's conduct, without more, do not constitute
a sanction" and words not expressly identified as a reprimand
provide no independent basis for an appeal. Id. at 16-17.
Appellants argue that the findings in this case did not stand
alone, but instead were made in support of a sanction: the referral
of Robinson's conduct to the Board of Bar Overseers ("BBO"). 
Because we disagree with appellants' characterization of the 
-2-
referral as a "sanction," however, we conclude that neither the
referral nor the underlying findings are appealable.
The district court's referral of Robinson's misconduct to the
BBO was not itself a sanction. Instead, according to the district
court, it was merely the first step in a process to investigate the
misconduct for the purpose of determining "what sanctions, if any"
ought to be imposed. The court's directive contemplated that at
some future time it (or the BBO) might impose a sanction upon
Robinson. If and when such a sanction is imposed by the district
court, Robinson presumably would be entitled to appeal therefrom.
See Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 685 (8th
Cir. 1997) (ruling that referral of Rule 11 violation to other
judges in the district to determine whether any disciplinary
actions should be taken against attorney "was not itself a
sanction" and noting that if referral is subject to review by
court, "the proper occasion to do so would be in an appeal from any
further disciplinary action those judges might take against
appellant"). We agree with the Eighth Circuit that,"[a]t this
point,...that issue is wholly conjectural and academic." Id.
Appellants' concern that, unchallenged, the district court's
negligence finding could have preclusive effect in a subsequent
malpractice action against Robinson by Converse is unfounded. 
Issue preclusion "bars relitigation of any factual or legal issue
that was actually decided in previous litigation 'between the
parties, whether on the same or a different claim.'" Grella v.
Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994). As
appellants maintain (and the district court found), Robinson was
not a party to the suit at the time that the district court made
the contested finding. This is a sufficient answer to the concern
without considering other possible objections to preclusion in this
and like cases. See United States v. Brekke, 97 F.3d 1043, 1049
(8th Cir. 1996); Bell v. Dillard Dep't Stores, Inc., 85 F.3d 1451,
1456 (10th Cir. 1996); Amwest Mortgage Corp. v. Grady, 925 F.2d
1162 (9th Cir. 1991).
We need go no further. The appeal is dismissed for want of
appellate jurisdiction.