USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1621 CONVERSE CONSTRUCTION COMPANY, INC., EMPLOYEE STOCK OWNERSHIP PLAN (ESOP), ALL OF THE OTHER ESOP PARTICIPANTS AND JACK E. ROBINSON, SR., AS TRUSTEE OF THE ESOP, Plaintiffs, Appellants, v. CONVERSE STEEL FABRICATORS & ERECTORS, INC., ET AL., Defendants, Appellees. ____________________ JACK E. ROBINSON, ESQ., Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges.   Jack E. Robinson and Carpenter & Robinson on brief forappellants.November 6, 1998 Per Curiam. This appeal is from the district court's refusalto revoke certain oral findings that were critical of theperformance of appellant Jack E. Robinson, Jr. ("Robinson"), ascorporate counsel for Converse Construction Company, Inc("Converse"). The court made its findings during a hearing on May30, 1997. The case was dismissed, at the request of the parties,in a judgment dated April 6, 1998. The district court declined theparties' request that the judgment revoke all findings relating tothe conduct of individuals involved in the case. The court alsodenied appellants' motion to amend the judgment to includerevocation of the oral findings. Specifically, appellants soughtreversal and withdrawal of the district court's finding thatRobinson had been negligent in the discharge of his duties toConverse. "[I]t is an abecedarian rule that federal appellate courtsreview decisions, judgments, orders, and decrees not opinions,factual findings, reasoning or explanations." In re Williams, Nos.97-2437 and 97-2438, slip op. at 9 (1st Cir. Sept. 11, 1998). Aswe recently ruled in In re Williams, "a jurist's derogatorycomments about a lawyer's conduct, without more, do not constitutea sanction" and words not expressly identified as a reprimandprovide no independent basis for an appeal. Id. at 16-17. Appellants argue that the findings in this case did not standalone, but instead were made in support of a sanction: the referralof Robinson's conduct to the Board of Bar Overseers ("BBO"). Because we disagree with appellants' characterization of the  -2-referral as a "sanction," however, we conclude that neither thereferral nor the underlying findings are appealable. The district court's referral of Robinson's misconduct to theBBO was not itself a sanction. Instead, according to the districtcourt, it was merely the first step in a process to investigate themisconduct for the purpose of determining "what sanctions, if any"ought to be imposed. The court's directive contemplated that atsome future time it (or the BBO) might impose a sanction uponRobinson. If and when such a sanction is imposed by the districtcourt, Robinson presumably would be entitled to appeal therefrom.See Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 685 (8thCir. 1997) (ruling that referral of Rule 11 violation to otherjudges in the district to determine whether any disciplinaryactions should be taken against attorney "was not itself asanction" and noting that if referral is subject to review bycourt, "the proper occasion to do so would be in an appeal from anyfurther disciplinary action those judges might take againstappellant"). We agree with the Eighth Circuit that,"[a]t thispoint,...that issue is wholly conjectural and academic." Id. Appellants' concern that, unchallenged, the district court's negligence finding could have preclusive effect in a subsequent malpractice action against Robinson by Converse is unfounded.  Issue preclusion "bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim.'" Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994). As appellants maintain (and the district court found), Robinson was not a party to the suit at the time that the district court made the contested finding. This is a sufficient answer to the concern without considering other possible objections to preclusion in this and like cases. See United States v. Brekke, 97 F.3d 1043, 1049 (8th Cir. 1996); Bell v. Dillard Dep't Stores, Inc., 85 F.3d 1451, 1456 (10th Cir. 1996); Amwest Mortgage Corp. v. Grady, 925 F.2d 1162 (9th Cir. 1991). We need go no further. The appeal is dismissed for want of appellate jurisdiction.