*814 KONENKAMP, Justice
(dissenting).
[¶ 54.] I would give full faith and credit to the Sisseton-Wahpeton Oyate Tribal Court order. It was obtained after an abuse and neglect petition was personally served on the father, and the subject of the order, a Native American child, is an enrolled member of the tribe, and the father appeared through counsel in tribal court to litigate jurisdiction. Under longstanding principles, we are bound to recognize the tribal court’s determination of its own jurisdiction. Judicial proceedings in tribal courts are entitled to the same full faith and credit as any other out-of-state judicial proceeding. Under 25 U.S.C. § 1911(d), Congress provided:
Pull faith and credit to public acts, records, and judicial proceedings of Indian tribes
The United States, every State, every territory or possession of the United States, and every Indian tribe shall give full faith and credit to the public acts, records, and judicial proceedings of any Indian tribe applicable to Indian child custody proceedings to the same extent that such entities give full faith and credit to the public acts, records, and judicial proceedings of any other entity.
[¶ 55.] It is true that in ordinary circumstances a judgment of a court in one jurisdiction is conclusive on the merits in another jurisdiction only if the court in the first jurisdiction had power to pass on the merits. Here, however, the issue of jurisdiction was litigated in tribal court; thus, res judicata applies, and the question of jurisdiction should not be relitigated.[26] “[A] judgment is entitled to full faith and credit — even as to questions of jurisdiction — -when the second court’s inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.” Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963).
[¶ 56.] This Court takes the position that because there is no transcript of the tribal court proceedings we are prevented from determining whether the jurisdictional questions were fully and fairly litigated. However, the father does not contend in this appeal that he did not have a full and fair opportunity to litigate the jurisdictional questions in tribal court. On the contrary, he appeared by counsel, and, after a hearing, the tribal judge entered a thoughtful written decision fairly considering whether the tribal court had subject matter and personal jurisdiction. Neither does the father contend that he was denied basic due process rights, including the right to a fair hearing before an impartial tribal judge.[27]
[¶ 57.] The father’s argument before us is only that the tribal court entered an erroneous decision. But, as the United States Supreme Court has noted, “[e]rro-neous or not,” when the jurisdictional issue was fully and fairly litigated and finally determined, another jurisdiction’s judgment cannot be collaterally attacked. Underwriters Nat’l Assurance Co. v. N.C. Life and Accident and Health Insurance *815 Guaranty Ass’n, 455 U.S. 691, 704-05, 102 S.Ct. 1357, 1371, 71 L.Ed.2d 558 (1982). Moreover, the father never argued that the tribal court did not enter a final judgment, as this Court seems to suggest. At this point, the case is apparently being treated as a final judgment because the father is presently appealing that judgment before the Northern Plains Intertri-bal Court of Appeals. See Bell v. Dillard Dep’t Stores, Inc., 85 F.3d 1451, 1456 (10thCir.1996) (lack of opportunity to appeal may weigh against finding that a party had a full and fair opportunity to litigate an issue).
[¶ 58.] For these reasons, I respectfully dissent.

. While a court may not have subject matter jurisdiction, still "it may have jurisdiction to determine the question whether it has jurisdiction over the subject matter and to bind the parties by its determination, with the result that thereafter they are precluded from successfully contending that the court had no jurisdiction over the subject matter.” Restatement (First) of Judgments § 10 cmt. a (1942).

. The judge who decided the jurisdictional questions, Chief Tribal Judge B.J. Jones, is a licensed attorney in several states and is a member of the faculty of the University of North Dakota School of Law.