FILED
United States Court of Appeals
Tenth Circuit

February 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORI MARTINEZ,

    Plaintiff - Appellant,

    v.

DARREN HOOKER, ROOSEVELT
COUNTY SHERIFF, individually;
JAVIER SANCHEZ, individually;
and CHARLIE SMART,

    Defendants - Appellees.

No. 14-2124
(D.C. No. 2:13-CV-00538-JCH-GBW)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

I.     BACKGROUND

Lori Martinez was arrested on the evening of June 12, 2012, under a bench

warrant issued by the City of Portales municipal court judge. The warrant

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

authorized the arrest of "Lori Teel" for failing to appear in court for fines relating to overdue library books. The warrant, issued on May 17, 2011, stated Teel's date of birth as December 3, 1981, and her address as 2200 S. Ave. I Portales, NM 88130. We accept the following summary of facts from the United States District Court for the District of New Mexico's Memorandum Opinion and Order:

> On June 12, 2012, Jimmy Teel was a suspect in a criminal investigation conducted by the Defendants in this case, all of whom are members of the Roosevelt County Sheriff's Department. They apprehended and arrested Mr. Teel outside the apartments where he lived. During the arrest, Martinez approached the scene and asked why her husband was being arrested. She identified herself as "Lori Martinez," said that she was married to Mr. Teel, and gave her date of birth as December 3, 1981. Defendant Javier Sanchez called his dispatcher with this information, and they informed him that while there were no warrants for a "Lori Martinez," there was an outstanding bench warrant for "Lori Teel" with the same date of birth as Martinez. The dispatcher also informed Sanchez that the address on the bench warrant was 2200 S. Ave. I, Portales, NM 88130. Sanchez asked Martinez if she had ever lived at that address. Martinez said that she had previously lived at the Baptist Children's Home, but could not remember the address. The dispatcher informed Sanchez that the address at issue matched with the Baptist Children's Home. Next, Sanchez asked Martinez if she ever went by the name "Lori Teel," which she denied. However, Martinez did confirm that she had been married to Jimmy Teel for two years. There is a fact dispute as to whether or not Martinez admitted checking out materials from the city library—Sanchez asserts that she admitted that she did, and Martinez contends that she did not. There is also a fact dispute as to whether or not Mr. Teel told the Defendants that his wife went by the name "Lori Teel." Due to "manpower issues," Sanchez asked a City of Portales police officer, Raul Rosa, to execute the warrant and arrest Martinez. However, after speaking with Martinez, Officer Rosa concluded that he lacked sufficient evidence to confirm that Martinez was the "Lori Teel" identified in the warrant. As a result, he declined to arrest Martinez. After checking with his supervisors, Sanchez arrested Martinez based upon the outstanding bench warrant for Lori Teel.

**Appellant's App. vol. I at 8–9.** After spending a night in jail, Martinez posted the cash bail bond. For reasons unknown, the City Attorney dismissed the charges a few days later.

On August 9, 2012, Martinez filed a lawsuit in the Ninth Judicial District Court against the City of Portales and the City Manager. *Martinez v. City of Portales, et al.*, Civ. No. 12-933 WJ/GBW ("*Martinez I*"). She alleged negligence, violation of due process and equal protection, failure to train, and municipal liability for an unconstitutional custom or policy. The defendants removed the case to the United States District Court for the District of New Mexico.

The district court granted the defendant's motion for summary judgment. The court held that the bench warrant was facially valid and that the deputies from the Sheriff's Department (the defendants in this case) had probable cause to arrest Martinez. Martinez filed her notice to appeal the court's grant of summary judgment with this court, but the parties settled the case before the appeal was resolved.

Apparently dissatisfied with the settlement in her first case, Martinez filed a new complaint in the Ninth Judicial District Court ("*Martinez II*"). She based her claims on the same factual allegations that she pleaded in *Martinez I*, although she sued different defendants: Darren Hooker, Javier Sanchez, and Charlie Smart, all of whom are employees of the Sheriff's Department ("Defendants"). In *Martinez II*, Martinez asserts three claims: (1) an unconstitutional policy or

custom of the municipality that resulted in an unreasonable seizure of her person and arrest without probable cause; (2) a § 1983 claim against Defendants in their official capacities for unreasonable seizure and arrest without probable cause; and (3) false arrest and false imprisonment. After Defendants removed the case to federal court, the district court granted summary judgment in favor of Defendants. It held that (1) Martinez was barred by issue preclusion from litigating this case because the court in *Martinez I* had found there was probable cause for Martinez's arrest and the bench warrant was facially valid, and (2) her claims against Defendants in their official capacities failed because their actions as individual state actors did not constitute a constitutional violation or custom by the governmental agency. Martinez timely appealed.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## II.    DISCUSSION

### A. Standard of Review

We review a district court's grant of summary judgment de novo. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We apply this standard by viewing the evidence in the light most favorable to the nonmoving party. *Foster v. Alliedsignal, Inc.*, 293 F.3d 1187, 1192 (10th Cir. 2002).

-4-

**B. Issue Preclusion**

The doctrine of issue preclusion prevents a party from "relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004); *see also Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006). Issue preclusion bars reconsideration of an issue that has been previously decided in an earlier action when the following elements are met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab.*, 378 F.3d at 1136; *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000). The district court held that all four elements were satisfied, barring Martinez's claims involving probable cause and the validity of the bench warrant. We agree that Martinez is barred by issue preclusion from raising her claims.

Martinez sets forth two arguments. First, she contends that the issues are distinct because *Martinez I* involved the City's underlying policies that existed before her arrest of seeking to use the municipal court as a collection agency, while *Martinez II* involves her actual arrest. Second, she argues that she did not

have a full and fair opportunity to litigate her issues in *Martinez I* because it was settled before this court decided the appeal.

As a preliminary argument, the Defendants contend that Martinez did not challenge in the district court the first element of issue preclusion, whether the issues are identical, and so she should not be able to assert it for the first time on appeal. "When an issue has not been properly raised below, 'to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum . . . where secondary, back-up theories may be mounted for the first time.'" *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1270–71 (10th Cir. 2000) (quoting *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997)); *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997) ("We will consider matters not raised or argued in the trial court only in the most unusual circumstances which may include . . . instances where public interest is implicated . . . or where manifest injustice would result.") (internal quotations omitted) (citations omitted). Because Martinez did not challenge the first element of issue preclusion in the district court, we will not entertain it here.[1] Thus, on appeal, we consider only the fourth element. As explained below, we hold that Martinez had a full and fair opportunity to litigate her issues in *Martinez I* and so is barred from raising these issues on appeal.

---

[1] The district court in *Martinez I* found that the Defendants had a facially valid bench warrant for Lori Teel's arrest, and that they had reason to believe that Martinez was Lori Teel. Those are the same issues in *Martinez II*.

Martinez argues that she did not have a full and fair opportunity to litigate the issues in *Martinez I*. The doctrine of issue preclusion bars attack on a judgment only when the issue in question has been fully and fairly litigated in the prior proceeding. *Bell v. Dillard Dep't Stores, Inc.*, 85 F.3d 1451, 1454 (10th Cir. 1996) (citations omitted); *Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation*, 975 F.2d 683, 689 (10th Cir. 1992). She claims that because her case settled on appeal, before the court decided the merits, she did not fully and fairly litigate the issue in that proceeding. She alleges that her "lack of opportunity to appeal [the] issue establishes that there has not been a full and fair opportunity to litigate it." Appellant's Br. at 21.

She submits *Dixon v. Richer*, 922 F.2d 1456 (10th Cir. 1991), in support of her argument. But the case offers her no help. In *Dixon*, this court held that the district court correctly denied the motion for summary judgment based on issue preclusion and qualified immunity, in part because the appellees did not have a full and fair opportunity to litigate the issue of probable cause in the prior proceeding. *Id.* at 1459. In that first case, the appellees did not have an opportunity to appeal the court's ruling on their motion to suppress because an interlocutory appeal at that time, before final judgment, would have been improper. *Id.* After they were acquitted, an appeal would have been moot.[2] *Id.*

---

[2] Martinez also submits *Fletcher v. Atex, Inc.*, 68 F.3d 1451 (2d. 1995), to support her proposition. She runs into the same problem with *Fletcher* as she does with *Dixon*. In *Fletcher*, the party did not have the opportunity to appeal the court's finding of fact because the court's ruling was in its favor. *Fletcher*, 68 F.3d at 1458. That stands in contrast to this case where Martinez had an opportunity to appeal the district court's finding.

Martinez's situation is quite different. In *Martinez I*, the district court issued a final judgment for which she had the absolute ability to appeal. She took advantage of that opportunity by filing her notice to appeal with this court. Before the Tenth Circuit could rule on the case, however, the parties voluntarily settled. As such, she had a full and fair opportunity to litigate—opportunity being the operative word.

In addition, the rationales for invoking issue preclusion are satisfied by applying it in this case.

> [Often, the] inquiry into whether a party had a full and fair opportunity to litigate an issue . . . will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.

*Salguero v. City of Clovis*, 366 F.3d 1168, 1174 (10th Cir. 2004) (citations omitted). Here, nothing indicates that Martinez had different incentives to litigate her claims in *Martinez I* than she did in *Martinez II*. There were also no procedural limitations in *Martinez I*, as illustrated by her ability to fully brief the district court on the issues, which issued a final judgment against her, and her beginning the appeal process before settling. Her voluntary choice to drop the appeal does not entitle her to evade the fourth prong of issue preclusion. To allow such maneuvers would undermine the judicial system and the strong policies supporting issue preclusion. Perhaps in the future, under different circumstances, we might conclude that a settlement after a final judgment from the district court prevents a party from having a full and fair opportunity to litigate an issue. But under this particular set of facts, the voluntary settlement did not prevent it.

"[T]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (quoting *Sutcliffe Storage & Whse. Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947)). Martinez had her chance to contest her arrest. Therefore, we will not address the merits of Martinez's lawsuit because her claims are barred by the doctrine of issue preclusion.[3]

## C. Official Capacity

Martinez also argues that she is entitled to assert a claim against the Defendants in their official capacities because, she alleges, the Sheriff's Department had an "unconstitutional or illegal custom and/or policy of arresting individuals without probable cause." Appellant's Br. at 22. Specifically, she claims that the Sheriff's Office had a policy or custom in place that allowed its "employees to act with deliberate indifference to the constitutional rights of individuals including tolerating misconduct by its police officers, encouraging misconduct by failing to adequately supervise, discipline or train by among other things and using arrest for alleged over-due library books as a tool of fear, intimidation and retaliation." *Id.* at 23 [grammar in original]. The district court held that she could not succeed on this claim

---

[3] Martinez also argues that the identity of the causes of action is different and asks us to apply the transactional approach. However, this approach applies to claim preclusion, not issue preclusion, so we do not address this argument. *See Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (stating this court has adopted the transactional approach of Restatement (Second) of Judgments to determine "what constitutes a 'cause of action' for *claim preclusion* purposes") (emphasis added).

because she failed to show that the Defendants, as employees of the Department, violated her constitutional rights.

"If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of [the behavior] is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original). Here, the district court in *Martinez I* concluded that the bench warrant was facially valid and that the Defendants had probable cause to arrest Martinez. Absent a constitutional violation, her claim against the Defendants in their official capacity fails. *See Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1154 (10th Cir. 2001) (listing our sister circuits that have held that a city cannot be held liable absent a constitutional violation by an officer). Because Martinez is precluded from relitigating the issue of probable cause, we conclude that she establishes no constitutional violation. Therefore, we hold that the Defendants are entitled to summary judgment on this claim as well.

## III.    CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of the Defendants.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

-10-