**Frank PARTIN and Annie Partin, Plaintiffs,**

v.

**CABLEVIEW, INC., et al., Defendants.**

**Civil Action No. 96–1059–RV–S.**

United States District Court, S.D. Alabama, Northern Division.

Dec. 3, 1996.

W. Lee Pittman and John R. Potter, Birmingham, AL, for plaintiffs.

Richard C. Keller, David A. Elliott, Birmingham, AL, C. Clay Torbert, III, Frank McFadden, Montgomery, AL, for defendants.

## ORDER

VOLLMER, District Judge.

The matter before the court is the joint notice of removal filed by defendants American General Financial Center ("AGFC"), American General Finance, Inc. (Indiana), and Dow Electronics, Inc. (Doc. 1). These parties will be collectively referred to as the removing defendants. For the reasons set

forth below, this case is remanded to the Circuit Court of Wilcox County, Alabama.

Removal is premised on diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff has not filed a motion to remand. However, under its continuing obligation to determine whether subject matter jurisdiction exists,[1] the court has reviewed the pleadings and concluded that remand is appropriate for lack of subject matter jurisdiction.

■ As the removing defendants acknowledge,[2] unserved defendants Cableview, Inc. and Richard Benton are not diverse from plaintiff. The removing defendants rely on *Mask v. Chrysler Corp.*, 825 F.Supp. 285 (N.D.Ala.1993), *aff'd w/o op.*, 29 F.3d 641 (11th Cir.1994) for the proposition that unserved defendants may not be considered when determining whether complete diversity of citizenship exists between the parties.[3] The court declines to follow *Mask* but instead follows *Beritiech v. Metropolitan Life Ins.*, 881 F.Supp. 557 (S.D.Ala.1995). For the reasons set forth in *Beritiech*, this court will consider the citizenship of unserved defendants who are not fraudulently joined in determining whether diversity jurisdiction exists. Removing defendants make no claim that defendants Cableview, Inc. or Richard Benton have been fraudulently joined in this action. Therefore, diversity jurisdiction does not exist in this action.

Plaintiffs allege state law causes of action against all defendants. Removing defendants argue that federal question jurisdiction exists on the ground that plaintiffs' fraud claims are completely preempted by federal law, namely section 521(a) of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), 12 U.S.C. § 1831d(a). After reviewing the notice of

removal and conducting its own research, the court finds removing defendants' position meritless.

Defendants' argument is necessarily as follows. First, that plaintiffs' claims fall under § 521(a) of DIDA because they are actually usury claims which challenge the "rate of interest" charged by an FDIC-insured state bank; second, that § 521(a) of DIDA is "substantially identical" to the language of §§ 85 and 86 of the National Bank Act ("NBA"); third, that NBA "completely preempt[s] state laws addressing excessive interest charges by national banks"; fourth, that § 521(a) of DIDA must therefore completely preempt plaintiffs' claims; and fifth, consequently federal question jurisdiction exists making removal appropriate.

■ The court strongly disagrees with removing defendants' logic on two levels. Most importantly, plaintiffs' claims *are not* "usury" claims. As stated in *Hill v. Chemical Bank,* the case that defendants rely on so heavily,

> [d]etermining whether the complete preemption doctrine permits removal of the instant case requires a two-step analysis. First, the court must determine whether § 521 of DIDA completely preempts the field of usury claims against FDIC-insured state banks. Second, **the court must determine whether plaintiff's claims are in fact usury claims,** that is claims challenging the "rate of interest" charged by an FDIC-insured state bank within the meaning of § 521.

799 F.Supp. 948, 951 (D.Minn.1992) (emphasis added). Removing defendants insist that the gravamen of plaintiff's complaint is that "plaintiffs were charged an interest rate which they did not agree to pay" and "[t]herefore, by alleging that [defendant American General Financial Center] charged an excessive rate of interest, plaintiff's com-

---

1. As stated by the Court of Appeals for the Eleventh Circuit, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985). *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

2. The removing defendants have "the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996).

3. *Mask* is not binding precedent because the court of appeals affirmed without a published opinion. 11th Cir.R. 36–2.

plaint essentially alleges that AGFC violated DIDA." Joint Notice of Removal (Doc. 1) at 7–8. This contention is based on an untenable characterization of plaintiffs' complaint. Plaintiffs are not disputing the *rate* of interest charged by defendants; rather, they claim that interest should never have been charged at all. Plaintiffs state that they each purchased a satellite system with the belief that they would make regular monthly payments, which included all finance charges, without the addition of any interest. They allege that without their knowledge or consent, interest was added onto these payments thereby creating causes of action for legal fraud. Under this straight-forward reading of the complaint, it is clear that plaintiffs are not disputing the "rate of interest". Thus, the first chain of removing defendants' logic is broken. This alone takes the case outside the gamut of 28 U.S.C. § 1331.

■ Even if plaintiffs' complaint could be properly characterized as a usury claim contesting the "rate of interest" charged by defendants, the court holds that § 521 of DIDA does not completely preempt state law; a plaintiff may prosecute a claim arising under DIDA in state court without fear of removal. It will be assumed for the sake of this discussion that § 521 of DIDA is substantially similar to the language of §§ 85 and 86 of NBA. Thus, the question becomes: does the combined effect of §§ 85 and 86 of NBA completely preempt state law causes of action for usury claims? Removing defen-

dants essentially rely on a single case, *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608 (8th Cir.1991), for the proposition that the answer is in the affirmative.[4] The court finds this case wholly unpersuasive.

In *M. Nahas,* the Eighth Circuit looked at the Supreme Court's decision in *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), and derived from it the principle that complete preemption exists "where Congress has created an exclusive federal remedy that displaces any overlapping or inconsistent state remedies." 930 F.2d at 612. This court disagrees with such an interpretation of *Avco.* The *M. Nahas* court ignored several Supreme Court cases which clearly define the standards for determining whether the complete preemption doctrine applies.

■ It is important to note the distinction between "federal preemption" and "complete preemption" or "displacement". Federal preemption is merely a defense to the plaintiff's suit. Thus, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to a federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).[5] One exception to this rule developed in the case law "is that Congress may so completely pre-empt a particular

---

4. Defendants also cite *Hill v. Chemical Bank,* 799 F.Supp. 948 (D.Minn.1992). However, the district court in that case merely relied on *M. Nahas;* in fact, that court was bound by the decision. Defendants also cite three unpublished opinions from the Northern District of Alabama. The Eleventh Circuit provides by rule that unpublished opinions are not considered binding precedent. They may be cited as persuasive authority, provided that a copy of the unpublished opinion is attached to or incorporated within the brief, petition, or motion. Eleventh Circuit Rule 36–2. Copies of these cases were not provided to the court, nor were substantive portions quoted in the notice of removal. In sum, the court is not bound by the holdings of any of these cases.

5. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal question jurisdiction depends on whether the "action aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule,

a court must look to the face of the complaint to determine whether a claim "arises under" federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Because the well-pleaded complaint rule makes "the plaintiff the master of the claim," a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, removal jurisdiction may not be sustained simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). Similarly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430.

area, that any civil complaint raising this select group of claims is necessarily federal in character," thus providing defendants with the basis to remove the action as a federal question. *Id.* at 63–64, 107 S.Ct. at 1546–47. The test for complete preemption is "whether Congress clearly manifested an intent to convert [plaintiff's] state law claims into federal question claims." *Holman v. Laulo-Rowe Agency,* 994 F.2d 666, 668 (9th Cir. 1993). The *M. Nahas* court failed to acknowledge the distinction by holding, in essence, that federal preemption is tantamount to complete preemption, the displacement of state law remedies.

In this circuit, remand is favored where federal jurisdiction is not absolutely clear. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). It is the opinion of this court that federal jurisdiction is far from clear in this case—NBA contains no language which can support the conclusion that Congress intended complete preemption. The Supreme Court has found complete preemption only where the jurisdictional and exclusive federal remedy provisions of a statute coincide as in ERISA and LMRA. *See Taylor,* 481 U.S. at 64–65, 107 S.Ct. at 1546–47.[6] Section 502(f) of ERISA states that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided in subsection (a) of this section in any action." 29 U.S.C. 1132(f). Neither the National Bank Act nor DIDA contains such language.[7]

Since complete diversity is lacking and plaintiffs' complaint does not raise a federal question on its face,[8] it is hereby **ORDERED** that **this action is REMANDED** to the Circuit Court of Wilcox County, Alabama.

---

6. The Supreme Court has found complete preemption in only three areas: ERISA, LMRA, and certain claims related to Indians. *See Copeland v. MBNA America,* 820 F.Supp. 537, 539 (D.Colo. 1993).

7. The Third Circuit reached the same conclusion in *Spellman v. Meridian Bank,* 1995 WL 764548.

8. With this conclusion, however, the court has not held that plaintiffs' claims are not preempted by federal law. The court has merely held that "complete preemption" does not exist, thereby thwarting defendants' attempt to remove the case as a federal question. Preemption remains an issue for the state court.