State of WEST VIRGINIA, ex rel Darrell V. McGRAW, Plaintiff,

v.

**PARRISH AUTOMOBILE TRAINING CO., et al., Defendants.**

Civ. A. No. 1:01–CV–27.

United States District Court, N.D. West Virginia, Martinsburg Division.

May 3, 2001.

## ORDER AND MEMORANDUM OPINION GRANTING MOTION TO REMAND

BROADWATER, District Judge.

The above styled matter is before the Court for consideration of the Plaintiff State of West Virginia's Motion to Remand This Action to the Circuit Court of Taylor County.[1] The plaintiff seeks remand of this action because the complaint, as amended, does not contain any substantial disputed question of federal law that is a necessary element of any of the well-pleaded claims. Therefore, the plaintiff argues, there is no federal question jurisdiction under 28 U.S.C. § 1441(b). For the following reasons, the Court agrees and finds that the plaintiff's motion should be granted.

## I. BACKGROUND

On June 15, 1998, the West Virginia Attorney General ("Attorney General") instituted a lawsuit in state court, alleging numerous violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") by defendants Ideal Motors, Larry Reed, Jerry Stalnaker, PATCO, Joe Parrish, Sean Parrish, and Jamie Parrish. The Attorney General also alleged that certain banks received, by assignment from Ideal Motors, paper evidencing the indebtedness of certain consumers who financed automobile purchases from Ideal Motors. In so doing, the Attorney General argued that the banks should share in any liability of the alleged bad actors and, as an assignee, are also subject to all claims and defenses that the consumers may have against Ideal Motors, including all of the causes of action asserted by the Attorney General in the original complaint.

On or about January 29, 2001, the Circuit Court of Taylor County granted the Attorney General's motion to amend his complaint. In the amended complaint, the Attorney General added causes of Action XV and XVI, which are at the center of the remand motion. Defendant National City Bank ("NCB") asserts that counts XV and XVI materially altered the claims against it and brought the action under the exclusively federal realm of the National Bank Act ("NBA").

## II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Chris v. Tenet,* 221 F.3d 648 (4th Cir.2000). As such, the subject matter jurisdiction of federal courts is limited and federal courts may exercise only that jurisdiction which

1. Doc. # 11.

the Constitution or Congress has prescribed. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673.

■ Removal of a case to federal district court by a defendant is only proper if the case brought by the plaintiff in state court originally could have been filed in federal court. *See* 28 U.S.C. § 1441(a). In the instant matter, the defendants argue that the Court has federal question jurisdiction over the plaintiff's claims. Federal question jurisdiction exists if the claims arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In deciding whether a federal question exists, the Court must apply the well-pleaded complaint rule and look to the face of the complaint, rather than any possible defense the defendant's may have. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, the general rule is that a case may not be removed to federal court on the basis of a federal defense. *See id,* 482 U.S. at 393, 107 S.Ct. 2425. In this case, the plaintiff has only asserted state law claims so that no federal question jurisdiction exists on the face of the complaint.

There is an exception to the well-pleaded complaint rule that the defendants argue applies in this case. The exception is known as the "complete preemption doctrine." This doctrine recognizes that there are some areas that Congress has so completely preempted that they always present federal question jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The instances of complete preemption are rare and, in fact, the Supreme Court has recognized complete preemption in only a few areas. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (§ 301 of the LMRA completely preempts a state cause of action for violation of contracts); *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (§ 502(a)(1)(B) and § 502(f) of ERISA completely preempt state contract and tort claims).

The defendants in this action have removed the case from state court arguing that the plaintiff's amended complaint asserts claims for excessive interest that are completely preempted by § 85 and § 86 of the NBA. Section 85 of the NBA sets the rate of interest on loans that a national bank may charge, while § 86 provides the penalties for a banks violation of § 85. *See* 12 U.S.C. § 85 and § 86. Consequently, this Court must decide if the plaintiff's amended complaint asserts a claim for excessive interest that is subject to the provisions of § 85 and § 86 of the NBA and, if it does, do these sections of the NBA completely preempt state law.

### *III. DISCUSSION*

The issues of law that must be decided by this Court have not been addressed by the Fourth Circuit Court of Appeals. Among the courts that have addressed the issue, there is a split as to whether § 85 and § 86 of the NBA completely preempt state law claims. The Eighth Circuit, and several district courts following its lead, have held that § 85 and § 86 completely preempt state law. *See M. Nahas & Co., Inc., v. First National Bank of Hot Springs,* 930 F.2d 608 (8th Cir.1991); *Hunter v. Rich's Dep't Stores,* 945 F.Supp. 1500 (N.D.Ala.1995).

However, there is contrary precedent holding that § 85 and § 86 do not completely preempt state law but, instead, provide a federal defense. *See Jones v. Bankboston, N.A., et al.,* 115 F.Supp.2d 1350 (S.D.Ala.2000) (NBA did not completely preempt state law claims for excessive interest); *Mason v. Fidelity Federal Bank, FSB,* 40 F.Supp.2d 1340( M.D.Ala.1999);

*Copeland v. MBNA Am.*, 820 F.Supp. 537 (D.Colo.1993).[2] Moreover, district courts have overwhelmingly found that claims for failure to disclose interest charges are not within the scope of § 85 of the NBA. *See Monday v. Coast to Coast Wireless Cable,* 1997 WL 114874 (M.D.Ala.) (citing *Hunter v. Beneficial National Bank USA,* 947 F.Supp. 446, 451–52 (M.D.Ala.1996)) (Thompson, J.) (holding that plaintiffs' state law claims for fraudulent failure to disclose certain charges for interest and discounts did not fall within the coverage of §§ 85 and 86 of the NBA, and remanding case to state court); *Hagler v. Beneficial National Bank USA,* Civ. Action No. 96–T–1492–N, Order of January 2, 1997 (M.D.Ala.) (Thompson, J.) (same); *Smith v. Beneficial National Bank USA,* 971 F.Supp. 513 (M.D.Ala.1997) (DeMent, J.) (same); *King v. Beneficial National Bank USA,* Civ. Action No. 96–D–1732–N, Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *Lane v. Beneficial National Bank USA,* Civ. Action No. 96–D–1718–N, Order of January 30, 1997 (M.D.Ala.) (De-Ment, J.) (same); *Lee v. Beneficial National Bank USA* Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *McCail v. Beneficial National Bank USA,* Civ. Action No. 96–D–1719–N, Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *Hood v. Beneficial National Bank USA,* Civ. Action No. 96–C–3044–W, Order of December 31, 1996, (N.D.Ala.) (Clemon, J.) (remanding case to state court); *Partin v. Cableview, Inc.,* 948 F.Supp. 1046, 1048–49 (S.D.Ala.1996) (Vollmer, J.) (same).

In order to come under § 85 and § 86 of the National Bank Act, the plaintiff must allege that the national bank took, re-ceived, reserved, or charged a rate of interest greater than that allowed by the laws of the state where the bank is located. *See* 12 U.S.C. §§ 85–86. In this case, the plaintiff does not allege that the interest was too high or that there was an interest rate overcharge. Instead, the plaintiff alleges that the defendants' failure to disclose to consumers the fact that Ideal Motors was adding interest points onto the rate quoted by the bank and then receiving the difference back from the bank was done in violation of the WVCCPA.

■ The complaint does refer to this as an excess charge in violation of the WVCCPA because it was a fee that was not disclosed as required by the act. However, this is not a claim that the rate charged, even after Ideal Motors added points onto the rate given by the lender, was excessive and in violation of state law regulating interest rates. This case is essentially a failure to disclose case. Because the Court agrees with the majority of district courts that have examined the issue, that claims for failure to disclose interest charges are not within the scope of § 85, the Court hereby **GRANTS** the plaintiff's motion and remands this action to the Circuit Court of Taylor County, West Virginia.

There being nothing further in this matter, the Court **ORDERS** the Clerk to remove this action from the active docket of the Court.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.

---

2. The Court also notes that in an opinion that was vacated and then settled before a rehearing was held, a panel for the Third Circuit held that claims that certain national banks had violated Pennsylvania's consumer protec-tion laws by charging excess fees and interest were not subject to complete preemption by the NBA. *See Spellman v. Meridian Bank,* 1995 WL 764548 (3rd Cir.1995), *vacated,* Opinion dated Feb. 16, 1996 (3rd Cir.).