State of COLORADO, et rel. Ken SALAZAR, Attorney General for the State of Colorado, and Laura E. Udis, Administrator, Uniform Consumer Credit Code, Plaintiffs,

v.

ACE CASH EXPRESS, INC., Defendant.

No. CIV.A.01–D–1576.

United States District Court, D. Colorado.

March 4, 2002.

Paul Chessin, Attorney General's Office, Denver, CO, for plaintiffs.

James M. Lyons, Vance Orlando Knapp, Rothgerber, Johnson & Lyons, LLP, Denver, CO, for defendant.

Hilary B. Miller, Greenwich, CT, for amicus.

**AMENDED ORDER**

DANIEL, District Judge.

THIS MATTER is before the Court on Plaintiffs' Motion to Remand, filed September 6, 2001. Defendant filed a Response on October 1, 2001, and Plaintiffs filed a Reply on October 22, 2001.[1] The Complaint was originally filed in the State District Court in the City and County of Denver, Colorado. Defendant filed a Notice of Removal on August 10, 2001, and Plaintiff's Reply In Support of Motion to Remand was filed October 22, 2001.

### *Plaintiffs' Motion to Remand*

Defendant's Notice of Removal claimed that federal question jurisdiction existed under 28 U.S.C. § 1331, based on alleged preemption of Plaintiffs' state law claims by the National Bank Act (NBA), 12 U.S.C. § 85. Plaintiffs contend in the Motion to Remand that remand is proper because the NBA only applies to national banks, and Defendant is not a national bank. The principal issue raised by the remand motion is whether Defendant can legitimately assert federal preemption that is available to national banks under the NBA, 12 U.S.C. §§ 21. According to paragraph six of the Notice of Removal, Defendant "operates a check-cashing business throughout the country, and where possible, offers ancillary products and services to its customers, including loans made by Goleta National Bank ("Goleta")". Defendant argues that the removal of this case was proper based on federal question jurisdiction under the NBA.

■ Generally, under the "well-pleaded complaint" rule, federal jurisdiction can only exist where a federal question is pre-

1. Amicus Briefs were submitted by: the Comptroller of the Currency, the Community Financial Services Association of America, and Financial Service Centers of America, Inc. Defendant's Reply to Amicus Briefs in Support of Plaintiff's Motion to Remand was filed December 4, 2001.

sented on the face of the plaintiff's properly pleaded complaint. *See Cisneros v. ABC Rail Corp.,* 217 F.3d 1299, 1302 (10th Cir.2000). In this case, Plaintiffs did not state a federal question in the Complaint. The Complaint alleges that Defendant is a deferred deposit lender within the meaning of the Colorado Uniform Consumer Credit Code ("Code") § 5–3.1–102(5)(a). *Complaint,* ¶ 9. Plaintiffs claim that Defendant was acting as an unlicensed supervised lender after approximately January 2001, and disregarded warnings from the Administrator of the Uniform Consumer Credit Code to cease such activities and refund all excessive and improper charges collected in violation of the Code. Thus, the Complaint presents no federal question on its face.

■ Under the doctrine of "complete preemption," a complaint that alleges only state law causes of action may be removed when the state claims necessarily invoke a federal law. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir. 1996). However, the "complete preemption" doctrine should be applied sparingly, and the case should be remanded absent clear congressional intent to create removal jurisdiction. *Schmeling,* 97 F.3d at 1342. Defendant asserts that the NBA completely preempts state laws on the interest that may be charged by a federal bank. Defendant admits that it is a "loan arranger/agent" under the Code's Deferred Deposit Loan Act (DDLA) § 5–3.1–101. *Plaintiffs' Motion to Remand,* filed September 6, 2001, ¶ 6. However, Defendant asserts that the NBA preempts the DDLA's renewal limitation because it is an "interest rate limitation" and Goleta, as a national bank, charges interest rates as prescribed by NBA § 85. Accordingly, Defendant argues that there is complete preemption by the NBA in the determination of interest rates charged on multiple renewals, and thus, this case is properly removed under federal question jurisdiction.

There are two flaws in Defendant's federal preemption argument. First, the NBA "regulates national banks and only national banks, which can be identified by the word 'national' in [its] name." *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 687 (E.D.Pa.1973). Defendant attempts to circumvent this result by arguing that it is an agent for loans made by Goleta, a national bank. Defendant disputes that Plaintiffs' "artful pleading in ignoring the Bank's existence in attacking the legality of the Bank's loans do [sic.] not change the fact that their effort to enforce C.R.S. § 5–3.1–108 constitutes an attempt to prevent the Bank from charging the interest permitted by Section 85." *Response in Opposition to Plaintiffs' Motion to Remand* ("Defendant's Response"), filed October 1, 2001, page 11. Defendant cites *Marquette Nat'l Bank of Minneapolis v. First of Omaha Serv. Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978), to support the assertion that the interest rate charged is covered under the NBA.

The situation in *Marquette Nat'l Bank* however, can be distinguished from the instant case. In *Marquette Nat'l Bank,* the defendant was a *subsidiary* of a national bank established to administer its credit card program. *Marquette Natl. Bank v. First of Omaha Serv. Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978). Defendant also cites *Krispin v. May Department Stores Co.,* 218 F.3d 919, 922–24 (8th Cir.2000) for the contention that the NBA applies to entities such as itself. *Defendant's Response,* page 8. However, similar to *Marquette,* the court in *Krispin* determined that the case invoked federal jurisdiction under the NBA because the store and the national bank at issue were related based on an "assign-

ment shifting of contractual rights and duties to another" because the national bank was a wholly-owned subsidiary of the store, *Krispin*, 218 F.3d at 923.

■ To the contrary, in this case Defendant and the national bank are *separate* entities and their relationship does not give rise to complete preemption under the NBA. I agree with Plaintiffs' argument that Defendant "confuses what this case *is* and is *not* about. The Complaint *strictly* is about a non-bank's violations of *state* law. It alleges *no* claims against a *national bank* under the *NBA*." *Plaintiffs' Reply in Support of Motion to Remand* ("Plaintiffs' Reply"), filed October 22, 2001, page 1 (emphasis in original). My careful review of the Complaint indicates no allegations directed at Goleta or a national bank. Plaintiffs cite nine district court cases supporting their argument that the NBA does not provide federal question removal jurisdiction in actions against entities which are not banks. *Plaintiffs' Reply*, page 6. I find the reasoning of these cases persuasive and conclude that Defendant's relationship with Goleta does not elevate Defendant's status to that of a national bank. Accordingly, I find that Plaintiffs' claims against Defendant, as set forth in the Complaint, do not evoke the NBA.

■ The second flaw in Defendant's argument is that Defendant is precluded from alleging federal subject matter jurisdiction under the doctrine of collateral estoppel. I conclude that collateral estoppel exists on this issue because Defendant previously litigated the identical removal issue, and it was rejected by another federal court in *Long v. ACE Cash Express, Inc.*, Case No. 3:00–CV–1306–J–25TJC (D.Fla. 2001). United States District Judge Henry Lee Adams, Jr. held that the NBA "does not apply to Defendant because Defendant is not a national bank," and its attempted link to the NBA through its affiliation with Goleta National Bank is

insufficient. *Id.* Thus, the district court found that the NBA could not preempt Plaintiff's state law claims against Defendant and remanded the case to state court. *Id.*

Defendant argues that collateral estoppel does not apply to the issue of federal preemption by the NBA by citing to "the overwhelming body of authority" holding that non-appealable orders are not entitled to a preclusive effect. *Defendant's Response*, page 3. However, the only Tenth Circuit case cited does not stand for the proposition noted by Defendant. Defendant cites *Bell v. Dillard* as "counseling against the application of offensive collateral estoppel where there was no ability to appeal the initial decision." · *Defendant's Response*, page 3 (citing *Bell v. Dillard Dept. Stores, Inc.*, 85 F.3d 1451, 1456–58 (10th Cir.1996)). However, that was not the grounds for the Tenth Circuit's refusal to apply collateral estoppel. Bell was a store patron charged with violating a municipal ordinance by allegedly offering to engage in lewd acts in the restroom, and the charge was later dismissed in municipal court. *Bell*, 85 F.3d at 1453. Thereafter, Bell filed an action against the store for assault, battery, false arrest, false imprisonment, and malicious prosecution. *Id.* The store moved for summary judgment on the issue of probable cause for Bell's arrest, and the motion was granted by the United States District Court for the Western District of Oklahoma. *Id.* Bell appealed to the Tenth Circuit, which held that collateral estoppel did not preclude litigating the issue of probable cause for Bell's arrest. *Id.* at 1454. The Tenth Circuit gave two reasons for its decision: (1) the minute order at issue was not signed by the municipal judge and thus, was not preclusive under Oklahoma law; and (2) the first judge was recused and there was no evidence on the record that the second judge reviewed the transcript of the motions hearing of the first judge to

establish that the defendant had a full and fair opportunity to litigate the issue. *Id.* However, Defendant does not assert either of these two conclusions as the holding. Instead, Defendant asserts the dicta following the holding. Because the two actual reasons for the holding in *Bell* do not apply to this case, Defendant's assertion that there is Tenth Circuit precedent to support his argument against collateral estoppel on the issue of federal preemption is false.

Defendant also cites Fourth Circuit precedent for the proposition that courts have refused to give preclusive effect to § 1447(c) remands. *Defendant's Response,* page 3 (citing *Nutter v. Monongahela,* 4 F.3d 319, 322 (4th Cir.1993)). However, the Fourth Circuit's actual holding was that the jurisdictional findings incident to the remand may be relitigated in *state* court, not in another federal court. Furthermore, *Nutter* has subsequently been called into question and rejected by other circuits. *See Transit Casualty Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 624 (8th Cir.1997) (stating that the Fourth Circuit in *Nutter* and other circuits failed to recognize that the case they referenced as a basis for their opinion did not issue a remand pursuant to 28 U.S.C. § 1447(c), but rather under its discretionary power to remand pendant state law claims after federal claims were eliminated). Thus, Defendant's arguments against collateral estoppel are weak, at best.

Collateral estoppel has been held to apply to remand orders. *See Frith v. Blazon–Flexible Flyer,* 512 F.2d 899, 901 (5th Cir.1975). Under this doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Murdock v. Ute Indian Tribe of Uintah & Ouray Reserva-*

*tion,* 975 F.2d 683, 686 (10th Cir.1992) (citation omitted). Four elements must be met to invoke this doctrine, "(1) the issue previously decided is identical with the one presented in the action at issue, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Murdock,* 975 F.2d at 687, (citing *United States v. Rogers,* 960 F.2d 1501, 1508 (10th Cir.1992)); *Orjias v. Stevenson,* 31 F.3d 995, 1010 (10th Cir.1994). As demonstrated below, the four elements are satisfied in this case.

First, in both the present action and the previous case, *Long v. ACE Cash Express Inc.,* parties brought complaints against ACE for making loans in violation of state unfair trade practices laws. In both cases, Defendant removed the case to federal court on the grounds that the plaintiffs' claims were completely preempted by the NBA. Thus, the issues are identical. Second, the issue of whether the NBA preempts the plaintiffs' state law claims was fully adjudicated, resulting in a nonappealable remand to state court. Third, Defendant was a party in *Long.* Fourth, according to the *Long* order, Defendant had a full and fair opportunity to be heard on his claim of removal jurisdiction. Thus, Defendant's claim of removal jurisdiction is precluded under the doctrine of collateral estoppel. Accordingly, I find that a remand is proper and Plaintiffs' motion should be granted.

### *Plaintiffs' Request for Costs and Expenses*

Plaintiffs further request that the Court award them costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c). Section 1447(c) states, in relevant part, that "[a]n order remanding the case may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Once the court properly determines that removal is proper, it is within the court's discretion to assess whether to grant an award of costs and fees. *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1353 (10th Cir. 1997); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318 (10th Cir. 1997). However, after considering the relevant facts and law, I conclude that awarding costs and expenses, including attorney's fees, is not appropriate. Accordingly, it is

ORDERED that Plaintiffs' Motion to Remand, filed September 6, 2001, is GRANTED. It is

FURTHER ORDERED that Plaintiffs' request for costs and any actual expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c), is DENIED. It is

FURTHER ORDERED that this matter is REMANDED to the District Court in the City and County of Denver, State of Colorado.