Mary H. CARSON, et al. Plaintiffs

v.

H & R BLOCK, INC. and H & R Block Eastern Tax Services, Inc. Defendants

No. 5:02–CV–89 (BR)(S).

United States District Court,
S.D. Mississippi,
Western Division.

Jan. 29, 2003.

Dean Andrews, Jr., Dean Andrews, Jr., Attorney, Vicksburg, MS, Joseph L. Tucker, Jackson & Shuttlesworth, P.C., Birmingham, AL, for Plaintiffs.

Sheryl M. Bey, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This matter is before the Court on the plaintiffs' motion to remand (docket entry 6). Having carefully considered the motion, response, briefs, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

The plaintiffs filed this action in the Circuit Court of Jefferson County, Mississippi, on April 25, 2001. An amended complaint adding defendant H & R Block Eastern Tax Services, Inc., was filed on February 11, 2002, and served on said defendant on February 21, 2002. The defendants filed a timely notice of removal, pursuant to 28 U.S.C. § 1441(b), alleging that the plaintiffs' claims could have been properly brought within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1331.

The plaintiffs are Mississippi residents. As customers of the defendants' tax preparation services, the plaintiffs were solicited to participate in the defendants' program for "tax refund anticipation loans." (Complaint, ¶ 19). Each of the plaintiffs participated in the program. They allege that the defendants "collected and charged fees" while "misrepresent[ing] the true costs of said tax refund anticipation loan." (Complaint, ¶¶ 19, 20). Included in the plaintiffs' claims are allegations that the defendants "withheld, concealed, and suppressed from [the] Plaintiffs [that] ..." "the Plaintiffs['] fees and interest rate would be substantially higher than the rate disclosed" (Complaint, ¶ 29); and that the defendants breached a fiduciary duty by suppressing the fact that "the charges paid by the Plaintiffs exceeded the rate disclosed to the plaintiffs." (Complaint, ¶ 39). The plaintiffs expressly disavow any claims based upon federal law and waive any right to recovery under any federal law. (Complaint, ¶ 15).

The defendants contend that the allegations against them "fall squarely within a field completely preempted by federal law pursuant to the National Bank Act, 12 U.S.C. §§ 85 and 86." Section 85 provides:

Any [national bank] may take, receive, reserve, and charge on any loan or discount made ... interest at the rate allowed by the laws of the State ... where the bank is located ....

Section 86 provides:

The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater

rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred.

The burden of establishing federal jurisdiction is on the removing party. *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). This Court may not exercise jurisdiction over cases removed from state court unless there is a showing of federal jurisdiction. Under our doctrine of "federalism" this Court may not usurp authority over cases that are properly in state court. *See Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

Federal courts are courts of limited jurisdiction, and the plaintiff is the master of his complaint. "The party who brings a suit is master to decide what law he will rely upon." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1167 (5th Cir.1988). *See also Healy v. Sea Gull Specialty Co.,* 237 U.S. 479, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915). "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Thus, the "well pleaded complaint" rule provides that a case may be removed only if the plaintiff's properly pleaded complaint reveals that the claim is based on federal law. *Franchise Tax Bd. of Cal. v.*

*Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, a case in which the plaintiff asserts only state-law claims may not be removed to federal court based on the existence of a federal defense, even the defense of ordinary preemption. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Congress has long since decided that federal defenses do not provide a basis for removal." *Id.* at 399, 107 S.Ct. 2425.

In *Howery v. Allstate Insurance Co.,* 243 F.3d 912 (5th Cir.2001), the Fifth Circuit defines the test for federal jurisdiction as follows:

[T]he complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake ....

*Id.* at 917.

Under a straightforward application of the well-pleaded complaint rule, it is obvious that the plaintiffs' claims do not "state a claim created by the Constitution or laws of the United States." *Id.* (construing *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). The Court further finds that the plaintiffs' complaint has at its heart the allegation that the defendants deceived them as to the true nature of the loans. Nothing in these allegations suggests an attack on the interest rates themselves, except in the most peripheral manner. The plaintiffs' complaint does not, as

the defendants urge, strike at the legality of the rate of interest. Instead, the plaintiffs complain that they were told one rate, and the actual rate was different, regardless of the legality of the rate charged. Their cause of action lies in fraudulent misrepresentation, not usury. There is no complaint by the plaintiffs that the rate of interest is usurious under state law or federal law, and their right to relief does not depend upon the construction or application of federal law. Thus, this Court's removal jurisdiction cannot be invoked on this basis.

As an alternative to the substantial federal question variation of the well-pleaded complaint rule, the defendants also predicate removal on the singular recognized exception to the well-pleaded complaint rule, the artful pleading doctrine.

> [I]n certain situations where the plaintiff necessarily has available no legitimate or viable state causes of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. Although a defense, preemption may so forcibly and completely displace state law that the plaintiff's cause of action is either wholly federal or nothing at all.

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995).

The defendants contend that the NBA completely preempts the plaintiffs' state law claims. The Fifth Circuit has recognized that the doctrine of complete preemption is to be narrowly applied. *Heimann v. National Elevator Industry Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999). In fact, the United States Supreme Court has found complete preemption to exist only under the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 484 n. 6, 119

S.Ct. 1430, 143 L.Ed.2d 635 (1999) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393–94, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (LMRA); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA)).

Recognizing that the doctrine should be applied with "circumscription," the Fifth Circuit requires evidence of clear Congressional intent to show that claims preempted by state law are removable. *Heimann*, 187 F.3d at 500; *Aaron v. National Union Fire Ins.*, 876 F.2d 1157, 1165 (5th Cir. 1989). In *Aaron*, the Fifth Circuit formulated a three-part test for determining whether complete preemption exists. In order to completely exempt state law so as to permit removal to federal court, the federal statutory law in question must:

> (1) provide a civil enforcement provision that creates a federal cause of action that replaces and protects the same interests as the preempted state law causes of action;
>
> (2) provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and
>
> (3) reflect a clear Congressional intent to make the preempted state claims removable to federal court.

*Aaron*, 876 F.2d at 1164–65; *see also Rheams v. Bankston, Wright & Greenhill*, 756 F.Supp. 1004, 1008 (W.D.Tex.1991).

As the Fifth Circuit has recently noted, "[t]he courts of appeals are divided as to whether §§ 85 and 86 completely preempt state-law usury claims against a national bank so as to confer federal subject-matter jurisdiction over such claims." *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 419 n. 1 (2002). The Eighth Circuit, and several district courts following its lead, have held that §§ 85 and 86

completely preempt state law. *See Nahas & Co., Inc. v. First National Bank of Hot Springs,* 930 F.2d 608 (8th Cir.1991); *Hunter v. Rich's Dep't Stores,* 945 F.Supp. 1500 (N.D.Ala.1995). There is, however, contrary precedent holding that §§ 85 and 86 do not completely preempt state law claims but, instead, provide a federal defense. *See Jones v. Bankboston, N.A.,* 115 F.Supp.2d 1350 (S.D.Ala.2000) (NBA did not completely preempt state law claims for excessive interest); *Mason v. Fidelity Federal Bank, FSB,* 40 F.Supp.2d 1340 (M.D.Ala.1999); *Copeland v. MBNA Am.,* 820 F.Supp. 537 (D.Colo.1993).

More importantly, "district courts have overwhelmingly found that claims for failure to disclose interest charges are not within the scope of § 85 of the NBA." *West Virginia v. Parrish Automobile Training Co.,* 147 F.Supp.2d 470 (N.D.W.Va.2001) (citing *Monday v. Coast to Coast Wireless Cable,* 1997 WL 114874 (M.D.Ala.1997) (Thompson, J.) (holding that plaintiffs' state law claims for fraudulent failure to disclose certain charges for interest and discounts did not fall within the coverage of §§ 85 and 86 of the NBA, and remanding case to state court) (citing *Hunter v. Beneficial National Bank USA,* 947 F.Supp. 446, 451–52 (M.D.Ala.1996)); *Hagler v. Beneficial National Bank USA,* Civ. Action No. 96–T–1492–N, Order of January 2, 1997 (M.D.Ala.) (Thompson, J.) (same); *Smith v. Beneficial National Bank USA,* 971 F.Supp. 513 (M.D.Ala. 1997) (DeMent, J.) (same); *King v. Beneficial National Bank USA,* Civ. Action No. 96–D–1732–N, Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *Lane v. Beneficial National Bank USA,* Civ. Action No. 96–D–1718–N, Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *Lee v. Beneficial National Bank USA,* Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *McCail v. Beneficial National Bank USA,* Civ. Action No. 96–

D–1719–N, Order of January 30, 1997 (M.D.Ala.) (DeMent, J.) (same); *Hood v. Beneficial National Bank USA,* Civ. Action No. 96–C–3044–W, Order of December 31, 1996 (N.D.Ala.) (Clemon, J.) (remanding issue to state court); *Partin v. Cableview, Inc.,* 948 F.Supp. 1046, 1048–49 (S.D.Ala.1996) (Vollmer, J.) (same)).

In *Parrish Automobile,* the district court found:

> In order to come under § 85 and § 86 of the National Bank Act, the plaintiff must allege that the national bank took, received, reserved, or charged a rate of interest greater than that allowed by the laws of the state where the bank is located. *See* 12 U.S.C. §§ 85–86. In this case, the plaintiff does not allege that the interest was too high or that there was an interest rate overcharge. Instead, the plaintiff alleges that the defendants' failure to disclose to consumers the fact that Ideal Motors was adding interest points onto the rate quoted by the bank and then receiving the difference back from the bank was done in violation of the [West Virginia Consumer Credit and Protection Act].

> The complaint does refer to this as an excess charge in violation of the WVCCPA because it was a fee that was not disclosed as required by the act. However, this is not a claim that the rate charged, even after Ideal Motors added points onto the rate given by the lender, was excessive and in violation of state law regulating interest rates. This case is essentially a failure to disclose case.

*Parrish Automobile,* 147 F.Supp.2d at 473.

Like the plaintiff in *Parrish Automobile,* the plaintiffs in the case *sub judice* are seeking recovery solely on the basis of state law. The Court has already found that the gravamen of the plaintiffs' com-

plaint is that the defendants deceived them as to the true nature of the loans—that they were told one rate, and that the actual rate was different. This is similar to the *Parrish Automobile* plaintiff's "failure to disclose" claim. The plaintiffs' complaint, like that in *Parrish Automobile*, does refer to "excessive" interest rates. *Id.* However, the plaintiffs clearly explain that by "excessive" they mean that the rates "exceeded the rate disclosed to the plaintiffs." (Complaint, ¶ 39(a); *see also* ¶ 23(a), ¶ 29(a) and (b)). There is no allegation that the rate charged "was excessive and in violation of state law regulating interest rates." *Id.* This Court agrees with the *Parrish Automobile* court "that claims for failure to disclose interest charges are not within the scope of § 85." *Id.*

■ There is an additional reason for finding the plaintiffs' claims to be outside the scope of § 85. Neither defendant is a "national bank." *See Long v. ACE Cash Express, Inc.,* 2001 WL 34106904, 2001 U.S. Dist. LEXIS 24617, ** 3–4 (M.D. Fla. June 18, 2001) (National Bank Act does not apply because defendant is not a national bank); *Goleta National Bank v. O'Donnell,* 2002 WL 31946062, *1 n. 2 (S.D.Ohio Dec. 18, 2002) (and cases cited therein); *Goleta National Bank v. Lingerfelt,* 211 F.Supp.2d 711, 717–18 (E.D.N.C. 2002) (NBA's regulation of interest collected by national banks does not apply to non-national banks).

In *Colorado v. Ace Cash Express, Inc.,* 188 F.Supp.2d 1282 (D.Colo.2002), the State of Colorado asserted claims against ACE only for violations of state usury law. ACE removed the action to federal court, arguing that its agency relationship with Goleta brought the state's claims within the National Bank Act. The district court found that ACE was not a subsidiary of Goleta, but was instead a separate entity, and that the complaint was strictly about a

non-bank's violations of state law. *Id.* at 1284–85. The case was remanded, because it presented no claim arising under federal law and complete preemption did not apply. *Id.* at 1285.

In *Green v. H & R Block, Inc.,* 981 F.Supp. 951 (D.Md.1997), a customer of H & R Block brought claims in state court for violations of state consumer protection laws in connection with illegal kickbacks H & R Block allegedly received from a bank in connection with a refund anticipation loan. The H & R Block defendants removed, claiming that the plaintiff's allegations that they were "coconspirators," "agents," and "partners" of the national banking institution posed questions of interpretation of the NBA, and therefore the claims arose under the NBA. The defendants also claimed that the NBA completely preempted any state law claim relating to alleged excessive interest charged or collected on loans made by national banks. *Id.* at 955. Finding the defendants' arguments unpersuasive, the district court held:

The NBA regulates only the business of banking. *See Wiley v. Fed. Land Bank of Louisville,* 657 F.Supp. 964, 965 (S.D.Ind.1987) ("The National Bank Act regulates only the conduct of national banks."); *Criswell v. Production Credit Ass'n,* 660 F.Supp. 14, 16 (S.D.Ohio 1985) ("It is well settled that the National Bank Act regulates only the conduct of national banks."); *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684, 687 (E.D.Pa.1973) ("The National Bank Act, 12 U.S.C. § 21 et seq., regulates national banks and only national banks."). The defendants are not banking associations, and they have provided no persuasive support for their claim which would place this matter within the purview of the NBA. There is no support for the proposition that an entity that acts in concert with, or is in privity with, a

national bank is entitled to remove state claims to federal court under the NBA. Nor does plaintiff seek relief for usury, even if she had sued a national banking institution, which she has not. Rather, the gravamen of all of plaintiff's claims is the alleged fiduciary duty owed by defendants to plaintiff and to members of the putative class. Accordingly, this case may not be removed on the basis of federal question jurisdiction.

*Id.*

In the case at bar, the plaintiffs' action is brought only against the H & R Block defendants and is predicated solely on state law. The Court finds no basis for jurisdiction.

The defendants argue that this Court's memorandum opinion in *Landfair v. H & R Block of Durant,* C.A. 5:00cv285(Br)(S) (Sept. 28, 2001), should control in this case. In *Landfair,* the Court relied in part on *Gallagher v. H & R Block Eastern Tax Services,* CV–97–749–A, Ruling on Motion to Remand (M.D.La. Jan. 13, 1998). In *Gallagher,* the defendants argued that

> the issue of agency or broker status of defendants in relation to national banks is tantamount to their status as alleged "branch offices," "branch agencies," or "additional offices" of national banks conducting banking businesses, which is a matter of federal law; thus, defendants argue, the success of the allegations depends on a determination of whether one or more of the Block defendants were "agents" or "brokers" of these national banks in allowing the transactions to occur .... Defendants argue that if plaintiffs are willing to argue that Block is the legal surrogate of national bank lenders in the lending program, it follows that the preemptive effect of the laws that govern the national banks be applied to all aspects of the litigation, from the standpoint of liability, remedy and jurisdiction.

*Id.* at 3–4. Finding that the *Landfair* plaintiffs made similar allegations that Block was the agent or broker of the national banks, this Court followed *Gallagher* and held that federal jurisdiction existed.

The holding of *Gallagher* is not applicable to the facts of the present case. The district judge in *Gallagher* found that the plaintiffs were clearly attacking the validity of the loans made by the national banks and that such allegations were sufficient to implicate §§ 85 and 86 of the NBA, even though none of the banks were joined as defendants. As discussed above, the claims of the plaintiffs *sub judice* cannot be characterized as seeking recovery against any national banking association or related to any usurious interest rate charge, excessive fee, or other alleged violation by a national bank. The plaintiffs do not attack the validity or even the propriety of any loans provided by a national bank; instead, they attack the way the program was administered by the H & R Block defendants.

After this Court denied remand in *Landfair,* the plaintiffs were allowed to voluntarily dismiss their claims without prejudice. According to the defendants, some of the *Landfair* plaintiffs are plaintiffs in the present action, and *Landfair* is entitled to preclusive effect against their claims. However, none of the plaintiffs' claims in *Landfair* reached a ruling on the merits. They were simply dismissed without prejudice. The present complaint alleges only claims arising under state law against parties which are not national banks. Inasmuch as these claims are outside the scope of the NBA, there is not even ordinary preemption; thus, the Court finds that no complete preemption exists. It is not necessary to reach the remainder of the complete preemption analysis. *See Brown v. Crop Hail Management, Inc.,* 813 F.Supp. 519, 525 (S.D.Tex.1993); *Gut-*

*ter v. Bank One, Louisiana, N.A.,* 1997 WL 722952, *4 (E.D.La. Nov. 17, 1997) (citing *Kenney v. Farmers National Bank,* 938 F.Supp. 789, 794 (M.D.Ala.1996)).

The Court concludes that federal question jurisdiction does not exist under 28 U.S.C. § 1331. Therefore, remand is proper under 28 U.S.C. § 1447(c). Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand (docket entry 6) is GRANTED.

A separate Order of Remand, remanding this cause to the Circuit Court of Jefferson County, Mississippi, shall be entered.

### ORDER OF REMAND

This cause having come before the Court on the plaintiffs' motion to remand, and the Court having granted the motion in a Memorandum Opinion and Order of even date herewith;

Accordingly,

IT IS HEREBY ORDERED that this cause is REMANDED to the Circuit Court of Jefferson County, Mississippi.